Turner, Adm'r of Wilder *vs.* Ann Egerton.—1829.

*A. C. Magruder,* for the appellee.

---

TURNER, Adm'r of WILDER, *vs.* ANN EGERTON.
*December,* 1829.

The value of property delivered by an administrator to a distributee, as payment of his portion of a deceased's estate, cannot be recovered back in a court of law, in consequence of such administrator being afterwards compelled by a recovery at law, to pay a debt due by the deceased, of which he was not aware when he distributed the estate ; or his having in part paid the debts of the deceased, out of his own private funds. The remedy for such claims is in a court of equity.

It is not universally true, that where one is benefitted by the payment of money by another, the law raises an *assumpsit* against the party benefitted, in favour of the party paying the money. A stranger cannot at his pleasure make me his debtor, whether I will or not, by paying a debt due from me to another.

Where one is compelled to pay the debt of another, he may recover against him in an action for money paid, upon the promise which the law implies, as in the case of money paid by a surety in a bond, which is considered as paid to the use of the principal, and may be recovered in an action against him for money paid.

APPEAL from *Saint Mary's* County Court. This was an action of *assumpsit,* brought by the appellant, the plaintiff below, against the appellee. The declaration contained five counts, one for matters properly chargeable in account,—for

money laid out and expended,—for money lent and advanced,—for money had and received,—and on an *insimul computassent.* The defendant pleaded *non assumpsit* and issue was joined.

At the trial, the plaintiff offered in evidence to the jury, and proved by competent testimony, that *Edward Wilder*, as administrator of *James Egerton*, paid over to *Ann Egerton*, the defendant, property (belonging to the estate of his intestate *James Egerton*, and with which he had charged himself in the inventory of the deceased estate) amounting by the appraisement, to the sum of $791 47, in February of the year 1812, and that he had paid over a like amount of property to the other distributees. He also proved that the said *James Egerton* left at his death, six children, his only heirs and distributees of his personal estate, all of whom are now living, and that *Ann Egerton*, the defendant, is one of them: he also gave in evidence to the jury, the inventory and six accounts, exhibited and passed in the Orphans' Court of said county, by *Edward Wilder* as administrator aforesaid. The inventory referred to, was returned and proved on the 12th of June, 1811, amounting to $9348 96. The first account passed by said *Edward Wilder* on the 2d of June, 1812, charged him with the amount of the inventory and cash received from sundry persons, the whole amounting to $11,385 66, credited him with payments and disbursements amounting to $104 64, leaving a balance due of $10,342 01,—the second account left a balance due of $10,154 70,—the third account left a balance due of $7,285 89,—the fourth account left a balance due of $500 36,—the fifth account left a balance due of $2,095 18,—and the sixth account left a balance due of $1,503 80. He also proved that a large debt was recovered by judgment of *Saint Mary's* County Court, against the said *Edward Wilder*, as administrator of *James Egerton*, which he did not expect would be recovered at the time he made a distribution of the assets among the distributees as aforesaid, and which judgment was paid by him; he also proved that the debts were in part paid by *Wilder* from his private funds, for the reimbursement of which, this action is brought; upon this proof, the defendant then prayed the court to instruct the

jury, that under the pleadings and evidence in this cause, the plaintiff was not entitled to recover, which instruction the court gave. The plaintiff excepted, and the verdict and judgment being for the defendant, the plaintiff appealed to this court.

The cause was argued before BUCHANAN, Ch. J., EARLE and DORSEY, J.

*Stonestreet* for the appellant contended.

1. That the court below erred in giving an instruction against the plaintiff, upon the general prayer, that upon the pleadings and evidence, he was not entitled to recover. The particular objection should have been stated. *Act of* 1825, *ch.* 117.

2. The plaintiff having proved an over payment might recover it back in this form of action.

*C. Dorsey,* for the appellee. Insisted that an action at law cannot be sustained against a legatee or distributee, for money overpaid him by an executor or administrator. 2 *Fonbl.* 376. (*Ed.* 1820.)

BUCHANAN, Ch. J. delivered the opinion of the Court.

This is the case of an administrator who thinking he has paid off all the debts of the deceased, delivered over to the children of the deceased, the proportions of the residue of the personal estate, to which they were respectively supposed to be entitled as distributees. But being afterwards compelled by a recovery at law, to pay a considerable debt due by the deceased, of which he was not at the time aware, and having in part paid the debts of the deceased, out of his own private funds, brought his suit against one of the distributees to recover a just proportion of the amount so recovered against, and paid by him. The *counts* in the declaration for matters proper chargeable in account, money lent and advanced, money had and received, and on an *insimul computassent*, are entirely out of the question, there being no evidence in the cause in any manner or sense applicable to either of them; and the question is, whether, under the circumstances disclosed, the plaintiff is entitled to recover on the count for money laid out and expended.

It has been urged, that where one is benefited by the payment of money by another, the law raises an *assumpsit* against the party benefited, in favour of the party paying the money, but the universality of that proposition is not admitted. A stranger cannot at his pleasure make me his debtor, whether I will or not, by paying a debt due from me to another. Such a payment might ordinarily be deemed to be for my benefit, yet the law does not in such a case raise an *assumpsit*. If it were so, it would be to put every man who owed a debt at the mercy of an enemy, who might choose to make himself his creditor without his concent or authority, for the purpose of harrassing and distressing him : and to deprive him of defences which he might have had to a suit by his original creditor, but of which he would not be able to avail himself, against such newly created liability. It is true that where one is compelled to pay the debt of another, he may recover against him in an action for money paid, &c. upon the promise which the law implies, as in the case of money paid by a surety in a bond, which is considered as paid to the use of the principal, and may be recovered in an action against him for money paid, &c. But that is not this case. Here was no debt due from the distributee to the creditor of the intestate, no demand which could have been enforced at law against her; and the money paid by the plaintiff, though not voluntarily, but under a recovery against him in a suit at law, was in discharge of his own liability as administrator, and not of a debt due from the distributee, nor on account of his being placed in a situation of responsibility by any act of hers. It was not therefore a payment of money to her use, for which the law will raise an implied promise of repayment, on account of there being in her hands a portion of the personal assets of the intestate. If in such a case as this, an action at law could be maintained on the ground of an implied *assumpsit*, it would be in the power of fraudulent or negligent executors and administrators, by covinously or carelessly suffering judgments to go against them, and constituting themselves creditors of legatees, and distributees without their knowledge or authority, so to change their predicament against their consent, as in suits

at law instituted upon such implied promises, to deprive them of the benefit of defences, that might be accorded to them in proceedings in Chancery against the funds in their hands, by the original creditors of the deceased, which would be of mischievous consequence to legatees and distributees. And it would be unjust to permit an executor or administrator, by thus constituting a legatee or distributee his debtor, without his consent or knowledge, to place him in a worse situation in relation to that debt than he stood in before; which would be the case if he could pursue him for the recovery of it, on an implied *assumpsit*, in a court of law instead of a court of equity, where alone he could have been called upon before, where equity is administered, in a manner, in which it cannot be in a court of law. A court of law not being a fit tribunal to investigate and unravel accounts of executors and administrators, and not being so constituted as to be able, to take into consideration, in the manner that a court of equity would, how the funds were in fact appropriated, and the mode in which they might, and ought to have been applied. With this view of the subject, we think with the court below, that the plaintiff is not entitled to recover, and that in bringing his action in a court of law he mistook his tribunal, and ought to have sought his remedy in a court of equity, where matters of the kind are properly cognizable, and the interests of all parties equally protected.

**JUDGMENT AFFIRMED.**