# N. Y. COMMON PLEAS.

## HELENE GULKE agt. CHARLES UHLIG, HENRY G. UHLIG and WILLIAM BUSSING.

*Money paid voluntarily by administrator — when cannot be recovered — When general reputation insufficient to prove partnership — What is not reputation — Action should be in name of party as administratrix.*

An administrator cannot recover, in an action at law, money overpaid to creditors, upon confidence that the assets of the intestate, which are in fact inadequate for the purpose, will eventually be sufficient for paying in full all claims against the estate. The remedy of the administrator is in equity.

Although the most conclusive proof is not required where defendants are sued as partners, there must be some proof of partnership.

Where the only proof of partnership was the evidence of the plaintiff who swore they were partners because "she knew it in business," "she had heard so," "everybody knew it," "and there was a sign on the store Uhlig & Co.," "she knew only two of the defendants, never saw and did not know the name of the third one," and which of the two defendants named Uhlig was the one she did not determine :

*Held,* that there was no direct evidence of defendants copartnership and no proper proof of reputation to that effect and the complaint should be dismissed for this reason.

An action to recover money claimed to have been paid by mistake of fact, by plaintiff (who was administratrix of her husband's estate), to defendants, should be brought on behalf of the estate and not in her own behalf.

*General Term, March,* 1878.

*Before* CHARLES P. DALY, *C. J.,* JOSEPH F. DALY *and* VAN HOESEN, *JJ.*

THIS action was brought to recover money claimed to have been paid by mistake of fact by plaintiff to defendants

as partners. Plaintiff was administratrix of her husband's estate against which defendants had a valid claim. Of this claim plaintiff, without being obliged to do so, paid a portion. On the accounting before the surrogate it was shown the estate was insolvent at the time and that defendants had been paid more than their *pro rata* share, whereupon plaintiff sued to recover the overpayment. The testimony of plaintiff showed she paid "the money out of her own money" relying upon the estate realizing sufficient to reimburse her, which she believed it would do. The only proof of the partnership of the defendants was on the part of the plaintiff who swore they were partners because " she knew it in business " " she had heard so " " every body knew it " " and there was a sign on the store Uhlig & Co." but she also testified " she knew only two of the defendants, had never seen and did not know the name of the third one," and which of the two defendants named Uhlig was the one she knew she did not determine. Defendants offered no testimony, but moved for nonsuit on the ground the partnership had not been proved and that the payment was a voluntary one. The court below gave judgment for plaintiff from which defendants appealed.

*Richard M. Bruno* and *Charles Hagedorn,* for appellants.

*Runkle & Englehart,* for respondents.

Van Hoesen, *J.*— The defendants, Charles Uhlig, Henry G. Uhlig and William Bussing, are sued in this action as partners. There is absolutely no evidence, whatever, that they are partners. There is some evidence that there exists such a firm as Uhlig & Co., but who compose that firm the plaintiff did not undertake to prove. It is true that the most conclusive proof is not required where defendants are sued as partners, but certainly there ought to be some proof. No man can take up the evidence and say which of the Uhlig's is a partner in the firm or whether the defendants constitute such a firm or are associated in any way in business.

No case can be found in England or in the state of New York, in which an administrator has recovered in an action at law money overpaid to creditors, upon confidence that the assets of the intestate, which are in fact inadequate for the purpose, will eventually be sufficient for paying in full all claims against the estate. The remedy of the administrator is in equity (*Story's Equity Jurisprudence*, sec. 90; 1 *Wait's Law Actions and Defenses*, p 168, sec. 5).

The case cited by justice McGowan, in his very careful opinion, that of ` *Walker* agt. *Hill* (17 *Mass.*, 380), said, "that, at the common law, a creditor cannot be compelled to refund the amount of a debt paid to him by an administrator, though it turns out that there are not assets sufficient to pay all the debts."

It further concedes "that, if the administrator could not be compelled to pay the debt, he had no reason for making the payment, and ought not to be allowed to recover the money back." The Massachusetts court allowed the plaintiff in that case to recover, because, under the laws of that state, he could have been sued, and compelled by the defendant to pay.

To the suggestion that the administrator might have pleaded the insolvency of the estate, and thereby have defeated the suit, if one had been brought, the court said, "that the administrator had no right to set up insolvency, unless he had reason to believe that the estate was insolvent, and that, as the payment he had made was virtually compulsory, it would be allowing creditors of the estate to take money out of his pocket unless he were permitted to recover back from the defendant the amount of the overpayment." A legatee may always be compelled to refund when there is a deficiency of assets (*Lupton* agt. *Lupton* 2 *Johns.*, *Ch.*, 614). The courts of New York have never yet adopted the rule of the courts of Massachusetts, and permitted an administrator to compel a creditor, in an action at law, to refund the excess he had received over his ratable share. In this case, I think, nothing was proved to warrant the judgment in favor of the plaintiff. Without any

Gulke agt. Uhlig.

necessity for doing so, the plaintiff, of her own free will, gave the firm of Uhlig & Co. fifty dollars. She did not intend to donate the money, but she supposed she could get in assets sufficient to pay all the claims and was willing to take the risk of doing so. Unfortunate for her she did not know that the expenses of the administration would eat up $640.79 of the whole estate, which footed up $693.50, and that only fifty-two dollars and seventy-one cents would be left for the payment of all the creditors of the intestate.

I think the judgment should be reversed.

J. F. Daly, J. — There was no direct evidence of defendants' copartnership and no proper proof of reputation to that effect. This alone required the dismissal of the complaint. Plaintiff brought this action in her own behalf and not on behalf of the estate of which she is administratrix; the complaint should have been dismissed for that reason, even if, as administratrix, she could have recovered back from creditors of the estate, moneys paid them under the mistaken impression that she would realize from the estate enough to justify such a payment. I cannot say from the proof whether she claims to have paid the defendants from the funds in her hands as administratrix, or whether she advanced moneys out of her own moneys to make the payment. In the latter case, I do not see how she could recover such moneys back from the defendants, to whom she paid it in satisfaction of their claims against the estate, for it was simply an advance by her to the estate and not to the defendants. Her action, to be successful, must be brought as administratrix, and if she made out a case which would entitle her to recover formerly in equity, I see no substantial reason for denying the relief, a money judgment, in an action at law.

Judgment reversed. No bar to a new action.