Johnson *v.* Molsbee.

A. D. JOHNSON *v.* A. MOLSBEE *et al.*

1. CHANCERY PRACTICE AND PLEADINGS. *Bill not multifarious.* *When.* *Administration.* In a bill to settle an estate in which there have been several consecutive administrators, it is not multifarious to include as defendants the several administrators and their securities, an inspection of each administration being necessary to determine the rights and liabilities of the other.

2. ADMINISTRATION. *Payment to creditor more than his pro rata.* When a creditor has, in good faith and without bond, collected of an administrator the amount of his debt, he cannot be compelled at the instance of other creditors to refund an excess over what would have been his *pro rata.* The remedy of the complaining creditor is upon the bond of the administrator.

3. ADMINISTRATION. An associate administrator may be appointed with the consent of the administrator.

FROM HAWKINS.

Appeal from the Chancery Court at Rogersville. H. C. SMITH, Ch.

McDERMOTT & KYLE for complainants.

J. T. & J. K. SHIELDS, F. M. FULKERSON and SAMUEL CHESTNUT for defendants.

TURNEY, J., delivered the opinion of the court.

In March, 1876, Judge E. E. Gillenwaters died, "the owner of a large and valuable real and personal estate" in Hawkins county. In May, 1876, his widow, Sallie, was appointed administratrix and gave bond.

In September, 1876, Abram Molsbee " was appointed associate administrator of said estate along with the widow," and gave bond. The administratrix received and administered a portion of the estate and resigned in November, 1876. Molsbee continued to act until June, 1877, when he resigned, and A. D. Huffmaster was appointed administrator *de bonis non.* In March, 1878, Huffmaster filed his bill to sell land to pay debts. In progress of that cause it became apparent the realty and personalty on hand would pay but a small *pro rata* of the indebtedness, as the estate was being administered. Molsbee during his administration, it is charged, came to the possession of a very large amount of money and other personal assets. It is charged that before the expiration of six months in the administration he paid out a large amount in discharge of debts due from the estate—amongst others, about $3,000 to defendant F. M. Fulkerson. It is charged that the administratrix and administrator have wasted the asssets; that Molsbee has collected assets for which he has failed to account, and has failed to collect or account for large amounts due the estate, and has made unfair and false settlements. It is prayed that he and his securities be held accountable. It is also asked that Fulkerson and others be required to refund such amounts as they may have received in excess of the *pro raia* ascertained to be due to them. It is not charged that payments were made to creditors in fraud on their parts or that of the administrator, nor is it charged that the estate was insolvent at the times of payment. On the contrary it is clearly

inferable, from the allegations of the bill, that the estate was solvent at these times, and afterwards became insolvent by the mismanagement and waste of the administrator. In any event, it is apparent that complainant believes the estate to have been solvent when administered upon. Molsbee and securities demur to the bill.

1. Because (they say) the appointment of Molsbee was an unauthorized act of the county court (there being at that time an administratrix), and his bond is therefore void.

2. Because the bond was made payable to the State and complainant cannot sue upon it in his own name, and because it is not shown what duties, if any, were required to be performed by the conditions of the bond, and therefore it cannot be seen that there is any breach.

3. Because the bill is multifarious, in attempting to bring before the court, and have the account, several different representatives and their respective sureties, amongst whom there is no community of interest, and no joint liability, etc.

F. M. Fulkerson demurs, because (he says) the administrator had the ownership and control of assets of the estate in his hands; that defendant was a creditor of that estate, and had the right to receive his debt from the administrator, if he did so, in good faith and without fraud on his part; that if the representative has improperly paid out moneys of the estate, the responsibility to account is upon him and his bondsmen.

Johnson *v.* Molsbee.

The demurrers of Molsbee and sureties are not well taken :

The first, because there is nothing in our law prohibiting the appointment of an associate representative of estates, the first appointed consenting; and if there were, parties and bondsmen who procure such appointments, and thereby place estates in the control and management of their principal, will not be heard to take advantage of their own wrong to the injury of innocent third persons.

The second ground would present some difficulty in a court of law, but in chancery this mode of pleading has been for a long time permissible in this State.

The third must be overruled for the reason, the bill is seeking to settle one estate, and the several administrations, which in fact constitute but one entire administration, are successive proceedings in that estate, and inquiry into each is indispensible to a correct determination of the rights and liabilities of the others, the court to make such decrees as to each as the facts may warrant.

The demurrer of Fulkerson is well taken. The title to the assets was in the administrator. The law protects those entitled to receive them from him, in the settlement of the estate, by requring of him a bond sufficient in amount and solvency to indemnify them against any waste or mismanagement on the part of the representative, whose duty it is to inform himself of the condition of the estate, and who pays it out at his own risk upon the security of his bond,

and the creditor who receives his debt in good faith, without collusion with the representative or fraud upon the estate, cannot be required to refund. There is no law requiring him to be advised of the condition of his debtor before receiving payment of his debt, that duty, as we have already said, is imposed upon another, appointed, sworn and bonded for the purpose. The decree is reversed and bill dismissed as to Fulkerson.

The decree as to Molsbee and sureties, is modified as idicated in this opinion, and the cause remanded for further proceedings.

The complainant will pay all the costs of making Fulkerson a party. Molsbee and sureties will pay the costs accruing in this branch of the case in this court.