EPHRAIM FLINT, administrator, *vs.* GEORGE H. VALPEY & another.

Essex. Nov. 3, 1880. — Feb. 23, 1881. ENDICOTT & FIELD, JJ., absent.

An administrator, who, within one year after his qualification, pays a debt of his intestate, cannot recover it back by proof that the estate has been represented insolvent, and commissioners have been appointed, without also showing that a decree of distribution has been made.

CONTRACT for money had and received. Writ dated February 15, 1879. Answer, a general denial. The case was submitted to the Superior Court, and, after judgment for the defendants, to this court on the plaintiff's appeal, on agreed facts in substance as follows:

John G. Mayo was duly appointed and qualified as administrator of the estate of Mary S. Dame, who formerly kept a boarding-house in Andover, and died intestate on October 5, 1876, leaving children. Mayo died after this action was begun. The plaintiff has since been appointed and qualified as administrator *de bonis non.* Dame, while keeping said boarding-house, contracted a bill for provisions with the defendants, amounting

to $710.71, which was due and unpaid at the time of her death. In the spring before her death, she sold out her goods and business in the boarding-house to Mary Scammon, for the sum of $300. After the death of Dame, and the appointment of Mayo as administrator, the estate was declared insolvent, and commissioners were appointed under the statute.

In November 1876, and before the appointment of an administrator, Scammon paid said $300 due the estate, in bank notes or bills, to the mother of Dame, who delivered the same to her brother, and he sent the same to George B. Towle, a brother of the intestate, who took them to Andover on November 29, 1876, and paid the same to the defendants, taking the following receipt therefor, signed by the defendants: "Andover, Nov. 29, 1876. Received of George B. Towle Three Hundred Dollars on acc't of Mrs. M. S. Dame." The identical money paid by Scammon was paid to the defendants. Previous to the commencement of this action, the administrator made demand on the defendants for said $300, but they refused to pay it.

At the time of said payment to the defendants, before and since, Towle promised to pay the balance of his sister's debt to them; and they believed, at the time of the payment, that the money paid was the money of Towle, and was paid to them in accordance with his previous promise.

If, upon these facts, the plaintiff was entitled to recover, judgment was to be entered for him for $300, and interest from the date of the writ; otherwise, judgment for the defendants.

*E. J. Sherman & C. U. Bell*, for the plaintiff.

*O. T. Gray & W. C. Cogswell*, (*J. H. Appleton* with them,) for the defendants.

SOULE, J. The payment by Scammon to the mother of the plaintiff's intestate was made to one who had no authority to receive it, and therefore did not discharge Scammon's debt to the estate, unless the payment was ratified by the administrator. But if he ratified that payment and the delivery of the money to Towle, the brother of the intestate, and if Towle paid it to the defendants as money of the estate of the intestate, and the administrator ratified that payment under the impression that the estate was solvent, still this action cannot be maintained An administrator who pays a debt of his intestate within a year

after his appointment, under the honest belief that the estate is solvent, has a right of action against the creditor thus paid if the estate proves to be insolvent. This right of action does not accrue when the estate is represented insolvent, nor when commissioners are appointed; but when the decree of distribution is made. Until then it does not appear whether the estate is in fact insolvent or not. If it proves to be solvent, the administrator has no right to recover what he has paid the creditor. If it proves to be insolvent, he may recover the difference between the amount paid and the amount of the dividend ordered to be paid to the creditor. This can be ascertained only by proof of the debt before the commissioner. Until the decree of distribution, therefore, it cannot be judicially known that the administrator has a cause of action; nor, if he has, what amount he is entitled to recover as damages. *Walker* v. *Hill*, 17 Mass. 380. *Heard* v. *Drake*, 4 Gray, 514. *Walker* v. *Bradley*, 3 Pick. 261. *Bliss* v. *Lee*, 17 Pick. 83. *Smith* v. *Faulkner*, 12 Gray, 251, 259. *Richards* v. *Nightingale*, 9 Allen, 149.

In the case at bar, it does not appear that the estate of the intestate is in fact insolvent. It has been so represented, but that fact does not give a right of action to the plaintiff. It does not appear that any debts have been proved before the commissioner, nor that any order of distribution has been made.

In this view of the case, it is unnecessary for us to consider the question whether the facts agreed would warrant a finding that Towle paid the defendants out of his own estate, in consequence of his previous promise, and not merely as representing the estate of the intestate, and paying its money, which had been forwarded to him for the purpose. *Judgment affirmed.*