Mary M. C. Woodruff, as Administratrix of the Estate of Jason G. Cooke, Deceased, Respondent, v. The H. B. Claflin Company, Appellant.

Executors and administrators — insolvent estate — when administrator thereof, who has paid creditor in full, may recover sum paid in excess of pro rata dividend to which creditor is entitled.

A creditor who seeks more than his *pro rata* share of the debtor's property upon the settlement of the debtor's estate seeks that which does not belong to him. Hence, whether an overpaid creditor shares the erroneous belief of the personal representative that the estate is solvent, or is acquainted with its true condition, he is equally obligated to return any surplus he has received over the dividend to which he was entitled when it has become judicially ascertained that the estate is not large enough to pay all the debts in full, and the representative of the estate can, if he moves seasonably and has done nothing to constitute an estoppel, recover any sum innocently paid such creditor in excess of his rightful dividend.

A claim for moneys so paid a creditor must be established by competent proof, and it must be shown that the estate was insolvent, and the extent of the insolvency. A decree of the Surrogate's Court is not competent evidence of that fact when the party receiving the dividend was not a party to the proceeding; nor is the creditor bound by a subsequent amendment of the decree, although he had notice of the application therefor, when the original decree was not thereby vacated or set aside, but was left to stand as originally entered, except as to matters not affecting the question of the insolvency of the estate.

*Woodruff* v. *H. B. Claflin Co.*, 133 App. Div. 874, reversed.

(Argued March 31, 1910; decided May 17, 1910.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 14, 1909, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Percival De Witt Oviatt* for appellant. A creditor can not be compelled to refund a portion of the moneys he ha obtained from an insolvent estate in payment of his claim

where the personal representative pays the claim upon the assumption that the estate is solvent, but previous to the time when the law would compel him to make such payment. (*Brooking* v. *Farmers' Bank*, 83 Ky. 431; *Beardsley* v. *Marsteller*, 120 Ind. 319; *Egbert* v. *Rush*, 7 Ind. 706; *Adams* v. *Smith*, 19 Nev. 259; *Whitled* v. *Nash*, 66 N. C. 590; *Gulke* v. *Uhlig*, 55 How. Pr. 434; *Johnson* v. *Molsbee*, 5 Lea, 444; *Carson* v. *McFarland*, 2 Rawle, 118; *Findlay* v. *Triggs*, 83 Va. 539; *Staples* v. *Staples*, 85 Va. 76; Story's Eq. Juris. [11th ed.] § 90.) The circumstances and the equities of this case are such that the administratrix ought not to be permitted to recover. (*Matter of Gilman*, 92 App. Div. 462; *Commercial Bank* v. *City of Rochester*, 42 Barb. 488; *N. Y., etc., R. R. Co.* v. *March*, 12 N. Y. 308; *Lawyers' Surety Co.* v. *Reinach*, 25 Misc. Rep. 150; 23 Misc. Rep. 242; *Windbiel* v. *Carroll*, 16 Hun, 101; *Hess* v. *Cohen*, 20 Misc. Rep. 333; *Mutual Life Ins. Co.* v. *Wager*, 27 Barb. 354; *Ferrin* v. *Myrick*, 41 N. Y. 315; *Farrelly* v. *Schaettler*, 121 App. Div. 678; *Willis* v. *Sharpe*, 113 N. Y. 586; *Austin* v. *Monroe*, 47 N. Y. 360.)

*Hugh J. O'Brien* for respondent. The decree of December 28, 1905, resettling the accounts of the administratrix in a proceeding to which the defendant was a party, is binding upon the defendant as to all matters therein adjudicated, and cannot now be attacked collaterally. (Code Civ. Pro. §§ 2473, 2474; *Matter of Douglas*, 60 App. Div. 64; *Matter of Hood*, 90 N. Y. 512; *Matter of Tilden*, 98 N. Y. 434; *Sipperly* v. *Baucus*, 24 N. Y. 46, 49; *Hotchkiss* v. *Platt*, 7 Hun, 56; affd., 66 N. Y. 620; *Matter of St. John*, 104 App. Div. 460; *Matter of Regan*, 167 N. Y. 338; *Matter of Killan*, 172 N. Y. 547; *Matter of Miles*, 33 Misc. Rep. 147; 170 N. Y. 75.) An executor or administrator is entitled to recover an overpayment made out of the funds of the estate. (*Wetmore* v. *Porter*, 92 N. Y. 76; *Deobold* v. *Opperman*, 111 N. Y. 531; *Kingston Bank* v. *Eltinge*, 40 N. Y. 391; *Hathaway* v. *D., etc., Co.*, 185 N. Y. 368; *Roberts* v. *Ely*, 113 N. Y. 128;

*Chapman* v. *Forbes*, 123 N. Y. 532; *Commercial Bank* v. *Sloman*, 106 N. Y. Supp. 508; *Bliss* v. *Lee*, 17 Pick. 83; *Walker* v. *Bradley*, 3 Pick. 261; *Heard* v. *Drake*, 4 Gray, 514; *Walker* v. *Hill*, 17 Mass. 380; *Flint* v. *Volpey*, 130 Mass. 385.)

WILLARD BARTLETT, J.   Jason G. Cooke, who died at Potsdam, N. Y., on December 23, 1899, was indebted to the defendant in the sum of $725.95.   His widow, the plaintiff, became his administratrix on January 2, 1900.   The defendant pressed for payment of its claim, threatening to sue if it were not speedily paid, whereupon the administratrix, believing the estate to be solvent, compromised it by paying $700 in the month of May, 1900.   Upon her subsequent accounting in the Surrogate's Court it turned out that the estate had been from the outset insolvent and was really capable of paying only a dividend of 71.04 per cent upon its indebtedness.   Such a dividend would have given the H. B. Claflin Company $178.48 less than it received from the administratrix in discharge of its claim; and she brought the present suit to recover that amount with interest.   As evidence of the insolvency of the estate and its extent, she was allowed to introduce, over the defendant's objection and exception, a decree of the Surrogate's Court of St. Lawrence county upon her accounting, to which it is conceded the defendant was not a party, and a second decree of the same court purporting to amend the first, made in a proceeding which the defendant was cited to attend.   The competency of this proof will be considered presently.   The trial court directed a verdict for the plaintiff and the judgment thereon has been affirmed by the Appellate Division.

We have no statute in New York giving the personal representative of an insolvent decedent a right of action in such a case as this; and the first question presented for our determination is whether an action of this character can be maintained in the absence of statutory authority therefor.   The only New York case referring to the question, to which our

attention has been called by counsel, is *Gulke* v. *Uhlig* (55 How. Pr. 434) which was decided by a General Term of the New York Court of Common Pleas, consisting of Chief Justice CHARLES P. DALY and Judges VAN HOESEN and JOSEPH F. DALY. Two opinions were written, one by Judge VAN HOESEN and the other by Judge JOSEPH F. DALY. It does not appear with which of these the chief justice concurred. Judge VAN HOESEN distinctly assumed that an administrator could recover money which he had overpaid to creditors in confidence in the ultimate solvency of the estate, but insisted that the suit must be brought in equity and not at law; while Judge JOSEPH F. DALY avowed his inability to perceive any good reason for denying the administratrix relief in an action at law, if she made out a case which would entitle her to recover formerly in equity. The case involved other issues, however, and it is impossible to ascertain from the report which of these conflicting views received the sanction of a majority of the court.

The decisions in other states are conflicting. The doctrine which is supported by the weight of judicial authority, and which, it seems to me, we ought to sanction, may be briefly stated. In the case of the death of an insolvent debtor, the law contemplates equality in the distribution of the proceeds of his estate among his creditors. A creditor who seeks more than his *pro rata* share of the debtor's property under such circumstances seeks that which does not belong to him, and makes the other creditors poor in proportion. To insist upon full payment from an insolvent estate is dishonest, if the party thus insisting is aware of the insolvency. Hence, whether the overpaid creditor shares the erroneous belief of the administrator that the estate is solvent, or is acquainted with its true condition, he is equally obligated to return the surplus he has received over the dividend to which he was entitled when it has become judicially ascertained that the estate is not large enough to pay all the debts in full; for in the first case both parties act under a mutual mistake of fact, and in the second case there is a wrongful intent on one side and a mistake on

the other. The creditor who has received the excess has no right to retain it in equity and good conscience; and the personal representative who has innocently paid such excess may maintain an action to recover it, if he moves seasonably after the ascertainment of the insolvency, and has done nothing which ought to constitute an estoppel in favor of the overpaid creditor.

It is settled by a uniform series of decisions in Massachusetts, beginning with the case of *Walker* v. *Hill* (17 Mass. 380), that an administrator who pays a debt due from his intestate within a year after giving notice of his appointment, and under the honest belief that the estate is solvent, may subsequently, when the estate is shown to be insolvent, recover back the difference between the amount of the debt so paid and the amount awarded to the creditor by the Probate Court on a judicial settlement of the estate. (See *Heard* v. *Drake*, 4 Gray, 514, and *Flint* v. *Valpey*, 130 Mass. 385.) It is not entirely clear, however, that the assertion of this doctrine in Massachusetts has not been dependent to some extent upon the statutes of that commonwealth. The case of *Walker* v. *Hill* (*supra*) was cited by Finch, J., writing for this court in *Matter of Hodgman* (140 N. Y. 421, 431), when he said it must probably be granted "that an executor may, at least in equity, recover an overpayment to a legatee under peculiar circumstances which excuse his mistake."

The case of *Mansfield* v. *Lynch* (59 Conn. 320) was an action by an administrator *de bonis non*. The first administrator, within the time limited for the presentation of claims, paid in full to the defendants a claim of $400 under the belief that the estate was solvent and having disallowed certain claims against the estate on the ground that they were invalid as he had been advised by the probate judge. These disallowed claims were subsequently held to be valid in a judicial proceeding and the estate was thereby rendered insolvent. The dividend which the defendants would have received was $290 less than the amount actually paid them. The first administrator having died and the plaintiff having suc-

ceeded him as administrator *de bonis non* he sued the defendants to recover $290 on the ground that it was money paid to them under a mistake by the original administrator. The Supreme Court of Errors of Connecticut held that the action was maintainable, saying : " We know of no case and have been referred to none wherein it is decided that the administrator may not recover in a case like the present." The court points out that in such a case the mistake in overpayment works no harm whatever to the creditor but that it would be against equity and good conscience to allow the creditor to retain money which rightfully belongs to the estate and which has been obtained solely in consequence of an honest error. A considerable portion of the opinion is devoted to a discussion of the question whether it is necessary that the mistake should be one of fact and the conclusion is reached that the same principle should apply even where the mistake is only one of law. That question, however, does not arise in the present case where it is clear that the administratrix made a mistake of fact as to the condition of the estate.

In *Morris* v. *Porter* (87 Me. 510) it is expressly held that an administrator who, within the year allowed by statute, pays creditor's claim in full, acting upon the honest belief that the estate is solvent, may, upon the estate proving actually solvent, recover back the difference between the amount so paid and that *pro rata* share which the credtior would have been entitled to in common with all other general creditors." Such right of action is declared to arise out of the equitable doctrine that the creditor has received money which in equity and good conscience belongs to the estate for the purpose of making an equal distribution among all the general creditors. This purpose is characterized in the opinion as " the cardinal principle of the laws relating to the administration and settlement of decedent's estates."

In *Wolf* v. *Beaird* (123 Ill. 585) both the executor and the creditor who received the overpayment believed that the assets of the estate were sufficient to pay all claims of the same class in full and acted upon such belief, but both were mistaken in

regard to the fact. The Supreme Court of Illinois held that the executor might recover back the overpayment in an action for money had and received for the use of the estate. So also in Ohio it has been held that where an administrator supposing an estate to be solvent pays a creditor more than the distributive share to which he was entitled upon a final settlement of the estate, the administrator may recover back the difference in an action for money had and received. (*Rogers* v. *Weaver*, 5 Ohio, 536.)

The cases cited by the appellant which distinctly deny the right to maintain an action of this character are few in number. The earliest of these is *Carson* v. *M'Farland* (2 Rawle, 118), decided by the Supreme Court of Pennsylvania in 1828. There it was held that an administrator who had paid money within a year from the issue of letters to a creditor of the intestate on account of a just debt could not recover it back on the ground that it proved to be an overpayment by reason of a subsequently discovered deficiency of assets. In *Findlay* v. *Trigg* (83 Va. 539) it was held that where an administrator voluntarily pays debts of inferior class in preference to debts of higher class and there is a deficiency of assets he is not entitled to have the money refunded by creditors so overpaid. The only authority cited in the opinion is *Carson* v. *M'Farland* (*supra*). In Indiana in the case of *Beardsley* v. *Marsteller* (120 Ind. 319) it is declared to be settled "that in the absence of an agreement to refund, an administrator who has paid money on account of a just debt cannot recover it back, on the ground that, by reason of insufficient assets, not arising from their accidental destruction, loss or failure, it afterward appears that he has made an overpayment by mistake, unless the mistake was induced by the fraudulent conduct of the creditor."

Other cases in behalf of the appellant on this branch of the appeal are distinguishable in their facts. Thus in *Adams* v. *Smith* (19 Nev. 259) it did not appear that when the administratrix caused the claim to be paid she supposed that the estate was solvent. On the contrary, it was clearly shown that

she paid the claim voluntarily and in her own wrong. The case of *Johnson* v. *Molsbee* (73 Tenn. 444) was not an action by an executor or administrator to recover an overpayment made to a creditor under the mistaken supposition that the estate was solvent, but was a suit in equity brought by other creditors to compel those who had been overpaid to refund the excess which they had received over and above their proper *pro rata* shares. The case does not decide the question involved in the case at bar; it merely asserts that such a suit cannot be maintained by creditors.

Without continuing the discussion of the authorities any further I am of the opinion, as already intimated, that the plaintiff has a right of action upon the facts set out in her complaint. It does not follow, however, that she has established her alleged cause of action by competent proof. It was essential for her to show that the estate was insolvent and the extent of its insolvency. The adjudication to the effect that it could pay creditors only 74.01% by the Surrogate's Court of St. Lawrence county in the first decree which she put in evidence was not binding upon the defendant corporation since it was not made a party to the proceeding in which that decree was entered. Two years later an attempt was made to render it binding upon the defendant by means of an application by the surety upon the bond of the administratrix to open the original decree and amend the same. The petition of the surety alleged that the original decree was erroneous in having credited the administratrix with 74.01% of the amount paid to unsecured creditors, whereas the amount paid to unsecured creditors should have been stated at 74.043%, at which the dividend should have been fixed. It further alleged that the original decree erroneously directed a dividend upon a claim of $1,000 to be paid to the administratrix individually. It prayed that a citation issue directed to all the persons interested in the estate, including the defendant in the present action, ordering them to show cause before the Surrogate's Court why the said first decree settling the accounts of the administratrix should not be reopened and amended as set

forth in the petition. The defendant was duly cited to appear in accordance with the prayer of the petition, and upon the return of the citations a second decree was made which in terms granted the prayer of the petitioner and amended the original decree in the respects therein prayed for. The contention of the plaintiff is that these amendment proceedings put the defendant in precisely the same position as though it had been a party to the judicial settlement of the accounts of the administratrix which terminated in the first decree and, therefore, that it was bound by the adjudication of insolvency therein contained and by the determination of the Surrogate's Court as to the dividend to which creditors were entitled. No such effect can properly be given to the proceedings upon the petition of the surety which led to the rendition of the second amendatory decree. The original decree was not vacated and set aside. The petitioning surety did not ask that this should be done. The original decree was left to stand precisely as it was first made, except in the particulars which have been pointed out. It seems to me that it would be a perversion of the truth to assume that the defendant had ever been afforded an opportunity to litigate any of the issues as to the solvency of the estate or the exten of its insolvency, or the correctness of the account of the administratrix that arose upon her original accounting which terminated in the first decree. Assuming that the Surrogate' Court might have set aside the first decree upon a proper application for that purpose and proceeded with the judicia settlement *de novo* with the defendant as a party, it is suff cient to say that nothing of the kind was attempted, and wha was done in no wise operated to make the first decree evidenc against the defendant of the facts which the plaintiff sough to prove by its introduction. There was no other sufficier proof of those facts, and the error in receiving this decre therefore, requires a reversal of the judgment.

The administratrix carried on the intestate's business fo some time at a loss, and the circumstances under which sh did this are relied upon by the appellant as insuperab

obstacles to a recovery in her behalf, as well as the point that a voluntary payment is not recoverable.   The defense of voluntary payment is not available where the payment was the result of mistake ; and it does not appear that the conduct of the business by the administratrix, after her settlement with the defendant, in any manner affected their respective rights or relations.

The conclusion which I have reached is that while an action of this character is maintainable, some of the most material evidence offered and received in behalf of the plaintiff was inadmissible.   The defendant is, therefore, entitled to a reversal of the judgment and a new trial, costs to abide event.

CULLEN, Ch. J., GRAY, VANN and CHASE, JJ., concur; HAIGHT, J., absent.

Judgment reversed, etc.