Somervell *vs.* Somervell.—1845.

T. T. Somervell *vs.* S. H. Somervell.—*December* 1845.

An executor who had paid specific legatees, discovering a deficiency of assets to pay creditors, and a consequent overpayment to legatees, cannot maintain an action at law to recover back such overpayment from a particular legatee. A court of law cannot take into consideration, as a court of equity would do, the mode in which the funds might have been applied.

Appeal from *Calvert* county court.

This was an action of *assumpsit* brought by the appellant against the appellee, and the whole cause is sufficiently stated in the opinion of this court. The plaintiff below appealed.

The cause was argued before Archer, C. J., Spence, Magruder and Martin, J.

By Boyle, D. A. G., for the appellant, and
By Randall and N. Brewer for the appellee.

Spence, J., delivered the opinion of this court.

Action of *assumpsit* in *Calvert* county court. The declaration contained, a count for work and labor; the common money counts; a count on an account stated; and a special

count, which charged, that the plaintiff, as executor of *John Somervell*, had paid over to the defendant, as one of the specific legatees of his testator, her specific legacy, valued at $293.20. That as such executor he had overpaid the estate, by reason whereof the defendant became liable to contribute and pay the plaintiff $59.31, so overpaid.

To this declaration the defendant pleaded *non assumpsit*, and the statute of limitations.

The plaintiff, at the trial, offered in evidence the will of his testator; the inventories; his second administration account, shewing an overpayment of $1991.91; and various receipts from the specific legatees, and among them, the defendant's, and there rested his case.

"The defendant, by her counsel, prayed the court to instruct the jury, that from the declaration and pleading, and evidence in the cause, the plaintiff cannot recover : 1st. Because this court has not full jurisdiction over the subject matter thereof. 2nd. Because the remedy of the plaintiff, (if any he have,) is in a court of equity, where alone, all the parties can be brought before the court, and full justice done to all interested, by a final decree, in the premises; of which opinion was the court, and so instructed the jury."

The only question presented in this case for our revision, and the only one which we intend to decide, is, whether the county court, as a court of law, had jurisdiction?

This was an action at law, to recover back a part of a specific legacy, which, as executor, the plaintiff had, by reason of a deficiency of assets to pay in full creditors and legatees, overpaid to the defendant.

In the case of *Johnson vs. Johnson*, 3 *Bos. & Pul.*, 169, *Lord Alvanley, Ch. J.*, says, "if an executor, thinking he he has settled the affairs of his testator, pay the legacies, I have no difficulty in saying, that a court of common law would not entertain an action for money had and received, against a legatee, since such a court cannot take into consideration, as a court of equity would do, the mode in which the funds might have been applied." In *Doe on demise of Lord Saye and Sele vs. Guy*, 3 *East. R.*, 123, *Lord Ellenborough, Ch. J.*,

said : "But it never could be doubted, but that at law the interest in any specific thing bequeathed, vests in the legatee upon the assent of the executor. If it should afterwards appear that there is a deficiency of assets to pay creditors, the court of chancery will interfere, and make the legatee refund, in the proportion required."

*Mr. Justice Story* in his *Commentary on Equity, page* 507, *sec.* 534, in commenting on the jurisdiction of courts of equity, in cases of administration and settlement of estates, uses this language: "But the fact of its being a constructive trust, is not the sole ground of jurisdiction. Other auxiliary grounds also exist; such as the necessity of taking accounts, and compelling a discovery; and the consideration, that the remedy at law, when it exists, is not plain, adequate, and complete."

We think, therefore, both upon principle and authority, there was no error in the judgment of the county court.

JUDGMENT AFFIRMED.