## ·CHESTERTOWN BANK OF MARYLAND *v.* HERBERT E. PERKINS, Receiver.

[No. 74, October Term, 1927.]

*Decided February 16th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ..

*Walter H. Buck* and *Charles C. Wallace,* with whom was *S. Scott Beck* on the brief, for the appellant.

*Robert E. Kanode* and *Thomas H. Skipper,* with whom were *Herbert E. Perkins* and *Edward D. Martin* on the brief, for the appellee.

PATTISON, J., delivered the opinion of the Court.

Clifton S. Jarrell of Kent County, Maryland, died on or about the 10th day of August, 1921, leaving a last will and testament in which he named as his executor his wife, Elizabeth F. S. Jarrell, who duly qualified and assumed the duties of the trust.

On the 14th day of September, 1925, upon a bill filed by certain of the creditors of the decedent, in which it was alleged that the estate was insolvent and that it had suffered loss by the wrongful acts and mismanagement of the executrix, and would continue to suffer loss if she was not removed as executrix, Herbert E. Perkins was, by the court, appointed receiver to take over the estate of the decedent, with power and authority to institute proceedings in law and equity requisite to the just and equitable winding up of said estate under the direction of the court. And the executrix was by said order "directed to deliver unto the receiver all money, books, papers and effects of the said decedent's estate, subject nevertheless to the further direction of the court."

Upon qualifying as receiver, he found that, on the 20th day of May, 1924, the executrix had filed her first and final administration account in the orphans' court of said county, distributing to the several creditors of the estate a fraction over forty per cent. of their respective claims, and, on the 25th day of September, 1926, he filed a bill in the Circuit Court of Kent County, in equity, alleging that the executrix, under the honest belief that the estate was solvent, had on the 11th day of November, 1921, paid to the Chestertown Bank of Maryland, the appellant, first, the sum of $2,028.67 in full payment of a note for $2,000, signed by the testator, Elizabeth F. S. Jarrell, and Emma B. Snitcher, dated the

4th day of February, 1921, and payable to the said bank six months after date, with interest; second, the sum of $929.70 in full payment of a note for $900, signed by the same parties, dated the 20th day of July, 1921, and payable to the order of Graham & Thomas Hardware Company six months after date, with interest, and of which the appellant in due course had become the holder; third, the sum of $302.05 in full payment of a note for $300, signed by the testator and his wife, dated the second day of July, 1921, and payable to the order of Graham & Thomas Hardware Company four months after date, with interest, and of which the appellant also became the holder in due course. · The amount paid on the notes was in the aggregate $1,822.08 more than the *pro rata* distributive share owing thereon.

It is then alleged that the executrix "mistakenly and erroneously paid the aforesaid promissory notes under the honest belief that the said estate was solvent, and that the insolvency of said estate was not discovered nor had the said executrix any knowledge thereof until the first and final administration account had been filed, * * * on or about the 20th day of May, 1924." The bill further alleged "that the payment in full of said promissory notes constituted a preference to which the defendants were not entitled," but "were only entitled to the *pro rata* distributive share· on said promissory notes as general creditors, and that in equity and good conscience the defendant should be decreed to repay to the complainant the overpayments thus made by said executrix." Then follows the allegation that the plaintiff was "without any plain, adequate and complete remedy at law," and, unless the relief sought is granted, the creditors of the estate "will be deprived of their just and equitable share therein."

The bill prays that the "defendant may be required to repay to the complainant the overpayment in excess of their *pro rata* distributive share, made by the executrix to said defendant erroneously and mistakenly in the honest belief that said estate was solvent, to wit, $1,822.08, with interest at six per cent. from the date of payment of said promissory notes."

A demurrer filed to the bill was overruled, and from that action of the court this appeal was taken.

It is contended by the appellant that the receiver could not sue for and recover such overpayments from the bank, or, if so, he could only recover in an action at law, not in a suit in equity.

By the weight of authority an executor may sue and recover for overpayments made to a creditor under the honest belief that the estate was solvent. 24 *C. J.* 773; 11 *R. C. L.* 251; *Woodruff v. H. B. Clafin Co.,* 198 N. Y. 470; *Wolff v. Beaird,* 123 Ill. 585; *Mansfield v. Lynch,* 59 Conn. 320.

The courts, in the cases above cited, as well as this court, in *Buchanan v. Pue,* 6 G. & J. 112, have classified suits for the recovery of overpayments made to creditors with those suits brought to recover payments made to legatees under a mistaken belief that there were funds of the estate sufficient to pay them, and they have treated all such cases as being controlled by the same rules or principles of law.

No case in this state has been cited, nor have we found any, where a suit has been brought either by the executor or a receiver for an overpayment to a creditor, but we find a number of cases where suits have been brought by the executor to recover payments made to legatees, and, when the suit was brought in a court of law, this court has consistently held that it was improperly brought therein, and should have been instituted in a court of equity. In *Turner, Admr. v. Egerton,* 1 G. & J. 430, the administrator in that case, thinking he had paid all the debts of the deceased, delivered over to the children of the deceased the portion of the residue of the personal estate to which they were supposed to be entitled as distributees. He was afterwards compelled, however, to pay a considerable debt owing by the deceased, of which he was not at the time aware, and a suit was brought against one of the distributees to recover his proportion of the amount required to pay said debt. The action was brought at law in assumpsit. The court held that he could not recover in such action, because the payment by him of his decedent's debts did not raise an implied promise on the part of the distributee who

had received an overpayment of his share of the estate. The court in its opinion said: "A court of law not being a fit tribunal to investigate and unravel accounts of executors and administrators, and not being so constituted as to be able to take into consideration, in the manner that a court of equity would, how the funds were in fact appropriated, and the mode in which they might, and ought to have been applied. With this view of the subject, we think, with the court below, that the plaintiff is not entitled to recover, and that in bringing his action in a court of law he mistook his tribunal, and ought to have sought his remedy in a court of equity, where matters of the kind are properly cognizable, and the interests of all parties equally protected."

In *Buchanan v. Pue, supra,* which was a suit in equity, brought to recover payment of legacy when it was found that there were not sufficient funds to pay said legacy, the court said: "In the course of the administration of estates, executors and administrators may often pay debts and legacies upon the entire confidence that the assets are sufficient for all purposes. It may turn out from unexpected circumstances, or from debts and claims, made known at a subsequent time, that there is a deficiency of assets. Under such circumstances, they may be entitled to no relief at law. But in a court of equity, if they have acted with good faith, and with due caution, they will be clearly entitled to it, upon the ground that they will be otherwise innocently subject to an unjust loss from what the law itself deems an accident." *Somervell v. Somervell,* 3 Gill, 276; *Hutchins v. Hope,* 12 G. & J. 256.

It is, we think, well settled that an executor or administrator may sue and recover for overpayments made to creditors under an honest belief that the estate was solvent, and it is equally as well settled that, in this state, to recover such overpayments, resort must be had to a court of equity and not to a court of law.

In this case the executrix was displaced by the appointment of the receiver, upon whom alone devolved the duty of

completing the administration of the estate under the direction and supervision of the court of equity. The authority of the executrix to sue was taken from her by the appointment of the receiver, who, by the order of his appointment, was "authorized and empowered to institute proceedings in law and equity requisite to the just and equitable winding up of said estate, under the direction of this court," and it follows, we think, that he succeeded to the rights of the executrix to sue for and recover for overpayments made by her to the defendant bank under the honest belief that the estate was solvent.

The defense of limitation is also made by the demurrer filed to the bill, which was overruled. It is alleged in the bill that "the insolvency of said estate was not discovered, nor had the said executrix any knowledge thereof, until the first and final administration account had been filed, to wit: on or about the 20th day of May, 1924."

The payments by the executrix to the defendant were made on the 11th day of November, 1921, the 13th day of December, 1921, and the 8th day of August, 1922. It is claimed by the defendant that the statute began to run from the dates of each of said payments, and as the suit was not brought by the receiver until the 25th day of September, 1926, the debt sought to be recovered was at such time barred by the statute. The appellant in our opinion is wrong in his contention that the statute, in cases of this character, commences to run from the date of overpayment. There might be cases where the statute would start to run from such time, but not upon the facts of this case. The executrix at the time of the payments of said notes was of the honest belief, as alleged in the bill, that the estate was solvent, and not until she had knowledge, acquired after proper effort and diligence on her part, or actual or constructive knowledge of the insolvency of the estate, and the fact that she had overpaid the appellant, could she sue to recover such overpayments, and it was not until such time, at the earliest, that any right of action accrued to her, to recover from the appellant the

overpayments made to him. And if, as alleged in the bill, she had no knowledge of such insolvency until the 20th day of May, 1924, the debt sued for was not barred by the statute at the time of the institution of the suit on the 25th day of November, 1926.

The allegations of the bill in our opinion are sufficient to require an answer thereto, by which the appellant may make any and all proper defenses to the bill.

The order overruling the demurrer will be affirmed and the case remanded for further proceedings.

*Order affirmed with costs, and case remanded for further proceedings.*