HOWE, ADMR., APPELLANT, *v.* THE CITIZENS CENTRAL
BANK OF NELSONVILLE, APPELLEE.

(No. 462—Decided May 4, 1942.)

*Messrs. Jones, Jones & Erskine,* for appellant.
*Mr. John F. Newcomb* and *Mr. Elmer E. Jacobs,* for
appellee.

METCALF, J.   Ralph C. Howe as administrator of the
estate of Aldred Wayne Antle, deceased, filed his pe-
tition on August 5, 1941, in the Court of Common Pleas
of Athens county, Ohio, against The Citizens Central
Bank of Nelsonville, Ohio, seeking to recover from the
defendant the amount theretofore paid it on a promis-
sory note.

The pertinent allegations of the petition are that
plaintiff's decedent died intestate on October 18, 1938,
indebted to defendant on a promissory note in the
amount of $500, dated July 29, 1938, and due ninety
days thereafter; that the same was due and payable
on the 27th day of October, 1938, and was paid by the
plaintiff prior to the time that an inventory and ap-
praisement were made in the estate and at a time when
the exact financial condition of the estate was unknown
to the plaintiff; that the inventory and appraisement

returned and approved show assets in the sum of $9,934.25 and the schedule of debts filed and approved shows debts in the sum of $29,890.44; and that the estate by reason thereof is insolvent. The petition further alleges that the payment to defendant constituted an unlawful preference and unjustly placed the defendant in a better condition than the other general creditors; that, therefore, the defendant is indebted to the plaintiff for the amount paid it with interest; and that demand for payment was made on the defendant, which was refused.

To this petition the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer and dismissed the petition, from which judgment plaintiff appeals on questions of law.

In support of its demurrer the defendant relies upon Section 10509-130 of the General Code of Ohio (114 Ohio Laws, 430) and the trial court in its written opinion states that the sustaining of the demurrer is based upon this section. Section 10509-130 was in force and effect at the time the cause of action, if any, arose in this case, and, if applicable, governs this proceeding, although that section was repealed, effective August 22, 1941. It read as follows:

"When there are presented to an executor or administrator valid claims in excess of the amount of assets in his hands, he shall represent to the court that the estate is insolvent, setting forth the facts relating to such insolvency, and shall prorate and pay over the assets remaining in his hands to and among such creditors as prove their debts pursuant to such order as is made by the court. From such order any person affected thereby may take an appeal to the Common Pleas Court in the same manner as provided by law as to appeal from an order, decision and judgment of

the Probate Court settling the accounts of an executor or administrator. The creditors of the deceased, who previously were paid, shall not be liable to refund any part of what was received by them.''

It is urged that the last sentence of the above section defeats the allegations of the petition. This would be true if the defendant had been paid in accordance with former Section 10509-127, General Code of Ohio (114 Ohio Laws, 429), in force and effect at that time. It read:

''If an executor or administrator, notice of whose appointment has been given as provided in this chapter, does not, within six months thereafter have notice of demands against the estate, which will authorize him to represent it insolvent, after the expiration of such six months, he may proceed to pay the debts due from the estate. He shall not become personally liable to any other creditor in consequence of such payments made before notice of his demand, although the remaining estate be insufficient to satisfy such creditor.''

The provision in the statute relative to nonliability to refund on the part of a creditor presupposed and was dependent upon the creditor having been paid according to law. And, of course, if the administrator has given all the creditors an opportunity to present their claims and has followed the statute in paying them the creditors should be protected against refund in the event some other claim or claims are presented that will make the estate insolvent. Otherwise there would be no stability in the administration of estates and both the administrator and the creditor would never know where they stood until final distribution of the estate. A careful reading of the various enactments of the Legislature for more than one hundred years indicates clearly that, in order to protect either the administrator or the creditor, the payment away of the assets of an estate must be in accordance with law.

While not under consideration in this case, present Section 10509-127, General Code, effective August 22, 1941, contains, in substance, the provisions of former Section 10509-127 and the provisions, in regard to refund, of former Section 10509-130, clearly showing the relation of these enactments.

Section 10509-130 must be applied in relation to other provisions of the Code pertaining to the payment of debts. To permit it to stand alone, which was never the intention of the Legislature, would annul former Section 10509-127 as well as other sections pertaining to the administration of estates and would result in unlawful preference among the creditors of the estate. The provision of Section 10509-130 urged by defendant as defeating the petition is not applicable to the facts alleged.

Plaintiff urges that the case of *Rogers* v. *Weaver*, 5 Ohio, 536, is in point. The first paragraph of the syllabus of that case is as follows:

"Administrator, supposing an estate solvent, pays creditor beyond his distributive share, upon final settlement may recover back the difference, in an action of money, had and received."

Counsel for defendant take the position that that case, having been decided prior to any enactment of the Legislature on the subject, is not applicable. The cases in both the Court of Appeals and the Supreme Court of Ohio, which we have examined hold that the law laid down in the *Rogers case, supra,* is still the law, providing the paying away was a mistake of fact and not of law, and with this we agree.

The Supreme Court in the case of *Phillips, Exr.,* v. *McConica, Gdn.,* 59 Ohio St., 1, 51 N. E., 445, 69 Am. St. Rep., 753, held in the first paragraph of the syllabus that "an action to recover back money paid out by an executor upon distribution, by mistake, is properly brought in the name of such executor in his official ca-

pacity," but further held that if it was paid under a mistake of law and not of fact the money could not be recovered back.

The Court of Appeals for Butler county, in the case of *Moore, Admx., v. Farmers State & Savings Bank of Oxford,* 47 Ohio App., 10, 190 N. E., 42, held in the first paragraph of the syllabus:

"Administratrix who has paid assets of estate to creditor beyond his distributive share, upon final set-estate solvent, may maintain action against creditor in representative capacity to recover excess paid."

The court in that case said on page 12:

"Concerning the question, has the plaintiff the right as administratrix to maintain this action, the plaintiff relies on three Ohio cases. The first is *Rogers* v. *Weaver,* 5 Ohio, 536, which holds that where an administrator, supposing an estate solvent, pays the creditor beyond his distributive share, he may upon final settlement recover back the difference in an action.

"Under the facts alleged in the petition this case would be directly in point. The petition alleges the payment out of assets of the estate, believing the estate solvent. If the money paid were assets of the estate, lawfully received as such, under the authority of *Rogers* v. *Weaver, supra,* the administratrix could maintain the action."

The court in that case found a different situation by reason of the answer but in the case before our court we are concerned at this time only with the petition.

Again, on page 13, the court in the *Moore case, supra,* in discussing *Phillips, Exr.,* v. *McConica, Gdn., supra,* said:

"If the money paid out by the plaintiff to the defendant had been paid out of assets of the estate, the *Phillips case* would be in point."

In the case before us the petition alleges that the money was paid out by reason of the administrator not

knowing the estate to be insolvent. This was a mistake of fact and the petition further shows that the money was paid out of the assets of the estate. We therefore conclude that the petition states facts sufficient to constitute a cause of action and that the demurrer thereto should have been overruled.

It follows that the judgment of the Common Pleas Court in sustaining the demurrer is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

GILLEN, P. J., and McCURDY, J., concur.