**In the Matter of the ESTATE of Lucy Ann Louise JAMES, Deceased.**

**No. 8733.**

Springfield Court of Appeals.

Missouri.

Aug. 20, 1968.

J. W. Grossenheider, Lebanon, for appellants.

John A. Honssinger, Lebanon, Claude T. Wood, Richland, for respondents.

HOGAN, Presiding Judge.

On November 24 or 25, 1960, Lucy Ann Louise James, age 75, died intestate in Laclede County, Missouri. Letters of administration were granted to the respondent, Art Wood. He executed a bond, and 26 days after the first publication of notice of letters granted, the appellants filed a joint claim against the estate for $3,000.00

for personal services rendered. For the general background of this litigation, see Hart v. Wood, Mo.App., 392 S.W.2d 20.

Subsequently, Mr. Sutherland, Mrs. Hart and Mrs. Crall filed their claims separately, and each was removed to circuit court and tried to a jury. Mr. Sutherland had a judgment in the amount of $500.00, Mrs. Crall recovered the sum of $750.00, and Mrs. Hart the sum of $400.00. The Sutherland judgment was paid in full on March 15, 1962, apparently without classification or an order of the probate court, but the other two judgments remain unsatisfied. By September 1965, it appeared that the assets of the estate would be insufficient to satisfy the Crall and Hart judgments, largely because of the expense incurred by the administrator in litigating their claims and that of Mr. Sutherland. Mrs. Crall and Mrs. Hart then filed an application in the probate court, alleging in substance that the administrator had breached the obligation of his bond in a number of respects, and praying that the court summarily determine the damages sustained as provided by § 473.207, subsec. 2, RSMo 1959, V.A.M.S.

The probate judge was again disqualified, and the appellants' application was transferred to the circuit court. Relying on certain language found in In re Boeving's Estate, Mo.App., 388 S.W.2d 40, the circuit court entertained the administrator's motion to add parties (Rule 52.06, V.A.M.R.), a number of parties were added, they filed responsive pleadings, and the proceeding was in general effect converted into an equitable accounting. The trial court heard testimony, a voluminous record was made, and an order and judgment were entered. The trial court found, among other things, that the administrator had acted in good faith in litigating the Sutherland, Hart and Crall claims, and it dismissed the application on its merits. Mr. Sutherland and Mr. Grossenheider, his attorney, were directed to restore the amount of $510.00 to the estate.

Both the applicants and Mr. Sutherland have appealed. We have concluded that we must dismiss the appeal as being premature, and for that reason we consider only those essential matters necessary to dispose of the appeal in this court. See Mizell v. Osmon, 354 Mo. 321, 189 S.W.2d 306, 313 [20]; Macy v. Day, Mo.App., 346 S.W.2d 555, 559 [5].

It is not necessary for the purposes of this opinion to restate all the testimony in detail, nor to undertake to classify and discuss all the outstanding demands against this modest estate. It is sufficient to say that the estate has incurred so much expense in administration that the funds available will apparently be insufficient to satisfy all classes of claims, yet certain claims distinctly inferior in precedence to the reasonable and necessary expense of administration have been paid in full. Apparently on the basis that there had been an improvident payment, the trial court ordered Mr. Sutherland—and his attorney—to make restitution. All other demands against the estate were approved and were, in substance, ordered paid.

The difficulty with the result arrived at here is that the total of all demands has not been ascertained, so while the estate appears to be insolvent the consequences of that insolvency cannot be fully determined. Our rough calculation indicates that if restitution is made by Mr. Sutherland and Mr. Grossenheider, the sum of $788.81 will be available to discharge all the remaining obligations of the estate. We do not know, however, what the remaining obligations of the estate amount to, for the costs and fees of the probate court and other demands remain to be determined.

▮ It may be granted that in a case of this kind, where there is no surviving spouse and there are no secured claims, the expenses of administration are entitled to priority, 4 Maus, Missouri Practice, §

970, pp. 249–250 (1960), and it may further be granted that disbursements, reasonable in amount and for services necessary in the proper discharge of the duties imposed upon him, will constitute a charge in favor of the personal representative against the estate, although their allowance leaves no surplus to pay creditors. 2 Woerner, American Law of Administration, § 356, p. 1181 (3rd ed. 1923). Still, to reiterate, it appears that some claims have been paid out of order or out of proportion. It is clear that all claims against the estate of a deceased person must be paid in the order of their priority, and a personal representative who pays a claim out of order or in the wrong proportion may be liable for the overpayment. § 473.430, RSMo 1959, V.A.M.S.; Springfield Grocer Co. v. Walton, 95 Mo.App. 526, 532, 69 S.W. 477, 478 [2]; Elstroth v. Dickmeyer's Adm'r, 88 Mo.App. 418, 422 [4]; 4 Maus, supra, § 970, pp. 249–250. Until the amount of all lawful demands against the estate and their order of priority is known, one cannot determine precisely the number of claims which have been improvidently or disproportionately paid. And, granting that the Sutherland claim was improvidently paid, and assuming, though the record does not show it, that the overpayment was the result of an honest mistake of fact, thereby allowing its recovery by the administrator, 34 C.J.S. Executors and Administrators § 476, pp. 355–356, Mr. Sutherland would be liable only for the proportionate overpayment of his claim, unless it is established that the assets are insufficient to reach any demands of the sixth class. 3 Woerner, American Law of Administration, § 520, pp. 1796–1797 (3rd ed. 1923).

 Many orders of the probate court which are, in a sense, interlocutory may be appealed, § 472.160, RSMo 1959, V.A.M.S., but it is well established that, as to any specific proceeding, the rights of the parties must be fully adjudicated, and all issues must be finally disposed of, or the order is not appealable. In re Alexander's Estate, Mo., 327 S.W.2d 218, 219–220. It follows, from what we have said, that the appeal is premature, and must be dismissed on that ground.

STONE and TITUS, JJ., concur.