In the Matter of the **ESTATE** of Lucy Ann Louise **JAMES**, Deceased.

No. 8987.

Springfield Court of Appeals, Missouri.

Oct. 23, 1970.

J. W. Grossenheider, Lebanon, for appellants.

John A. Honssinger, Lebanon, Claude T. Wood, Richland, for respondent.

HOGAN, Judge.

This case began as a proceeding to determine damages for breach of the obligation of an administrator's bond, as authorizd by § 473.207, subsec. 2, R.S.Mo.[1] The applicants, who are creditors of the estate, appeal from an adverse judgment. The factual setting of the case has been reported before, see In re Estate of James, Mo.App., 431 S.W.2d 660, and Hart v. Wood, Mo.App., 392 S.W.2d 20, and need not be restated at length.

Lucy Ann Louise James died intestate in Laclede County, Missouri, on November 24 or 25, 1960. At her death, she had assets, including real property, valued at some $3,000. Letters of administration were granted to Mr. Art Wood, the respondent here, and he executed a bond. Very shortly after the administration was begun, Mr. James Sutherland and his two sisters, Mrs. Elsie Crall and Mrs. Elizabeth Hart, who were Miss James' neighbors during her lifetime, filed a joint claim for $3,000 against the estate for personal services rendered. All three claims were litigated. Mr. Sutherland had judgment in the sum of $500, Mrs. Crall recovered $750, and Mrs. Hart had judgment in the amount of $400. Upon demand of Mr. Sutherland's attorney, the Sutherland judgment was satisfied. The Crall and Hart claims were duly classified but remained unpaid, and by September 1965 it had become apparent that the assets of the estate would probably be insufficient to satisfy the Crall and Hart judgments.

Mrs. Crall and Mrs. Hart then filed an application, as stated pursuant to § 473.207, subsec. 2, alleging, among other things, that the administrator, without statutory authority or order of the probate court, had paid the Sutherland claim and seven others in the aggregate amount of $1,156.80; that some of the amounts paid, particularly as attorney's fees, were grossly excessive; that the administrator had incurred other obligations or had made other payments which were exorbitant and unnecessary; and as a consequence the assets of the estate were insufficient to pay the applicants' claims and the costs of administration. The applicants further alleged that the administrator had purposely depleted the assets of the estate out of malice and ill will toward the applicants. The applicants prayed for a determination of damages sustained as a result of the administrator's misconduct, and for "appropriate process [to] enforce collection" of the amounts found to have been wrongfully paid.

The case was transferred to the circuit court, and on motion of the administrator a number of creditors were cited to appear; several of them filed responsive pleadings. The court heard evidence, made a rather voluminous record, and found, among other things, that: (1) the Sutherland claim had been improvidently paid, and Mr. Sutherland and his attorney were ordered to restore the amount they had received; (2) the administrator was entitled to credit for all other expenditures theretofore made, and should proceed to file a final settle-

[1]. All references to statutes and rules are to R.S.Mo. (1969), V.A.M.S. and V.A.M.R., unless otherwise specifically noted.

ment; and (3) the application was otherwise without merit. Both applicants and Mr. Sutherland appealed. This court found the appeal premature and dismissed it. In re Estate of James, supra, 431 S.W. 2d 660.

Thereafter, the record is in some confusion. Mrs. Hart and Mrs. Crall filed a paper in the probate court styled "Objections to Final Settlement and Application for Determination of Damages against Administrator and Sureties on Bond." In this pleading, the applicants state that they object to the final settlement filed on December 3, 1968, for the specific reasons set forth in their original application, and they incorporate that application by reference. They further incorporate the opinion of this court in In re Estate of James, supra, 431 S.W.2d 660, and pray the controversy be determined on the evidence found in the transcript on appeal filed in that case. That pleading, together with several others, was filed in this court with a stipulation that the collected papers be considered a supplemental transcript.

In this court, the applicants seek a sweeping review of the trial court's judgment. In our opinion, and with deference to counsel, the state of the record and the appellants' brief prevent the kind of review the appellants request. In their brief, the appellants charge that "[t]he court erred in finding the administrator had properly performed his duties * * * because the order is inconsistent with the findings of fact * * * and with the undisputed evidence * * * that the expenditures made by the administrator of amounts in excess of judgments of applicants to attempt to secure a new trial and other expenditures indicated in the argument herein were not in good faith, were harmful to the estate and were without regard for reason and were bound to and did result in financial loss to these applicants." The assignment, it will be seen, is lengthy but not specific. The argument part of appellants' brief, to which the "points relied on" refers for greater spec-

ificity, contains only four references to specific transcript pages. The brief is in plain and serious violation of Rule 83.05.

It is not required that points on appeal be presented with technical perfection, but Rule 83.05, subd. (a) (3) requires that "[t]he points relied on * * * show what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous * * *" and plainly contemplates particularization of the question or defect presented. Guidicy v. Guidicy, 361 Mo. 1127, 1134, 238 S.W.2d 380, 383 [1]; State ex rel. State Highway Commission v. Warner, Mo.App., 361 S.W.2d 159, 162 [3]; State at inf. Dalton ex rel. Erwin v. Taylor, Mo.App., 293 S.W.2d 12, 19 [5]. Moreover, Rule 83.05, subd. (a) (4) contemplates that the "argument" part of the brief will specify the place in the transcript where the matters complained of are to be found. Jacobs v. Stone, Mo., 299 S.W. 2d 438, 440 [4]; Ambrose v. M.F.A. Cooperative Ass'n of St. Elizabeth, Mo., 266 S.W.2d 647, 648–649 [1]. The consequences of an appellant's failure to specify errors vary, of course, depending upon the complexity of the questions presented and the record involved. In this case, however, we are not presented with a mere nine-page record, as was the case in Kansas City v. Stricklin, Mo., 428 S.W.2d 721, nor is this a case which presents a single obvious question, as was McQuate v. White, Mo., 389 S.W.2d 206, and Milanko v. Austin, 362 Mo. 357, 241 S.W.2d 881, cert. denied 342 U.S. 906, 72 S.Ct. 298, 96 L.Ed. 678. We have before us a transcript of some 200 pages, supplemented by four files which were introduced in evidence in their entirety. The file of the probate court alone, by rough count, contains some 44 loose papers and 62 bound papers, reflecting transactions which have occurred at various times in the ten years this modest estate has been in administration. The written memorials of the expenditures to which the appellants refer as being "harmful to the estate" and "without regard for

reason" are scattered throughout the four files, and the "undisputed evidence" which they assert proves that the court erred is dispersed throughout the 200-page transcript. If the appellants wanted the item by item review for which they seem to contend, they could have provided us with an index of the relevant exhibits, see Hughes v. Aetna Ins. Co., Mo., 261 S.W.2d 942, 945 [5], and could have specified the evidence which proves the trial court wrong by directing our attention to the place in the record at which it appears. School Dist. of Kansas City v. Phoenix Land & Improvement Co., 297 Mo. 332, 344, 249 S.W. 51, 54 [7]. It is the duty of the appellant to point out distinctly the errors complained of, to show that they were prejudicial, and to locate the errors in the record. Jacobs v. Stone, supra, 299 S.W.2d 438, 440 [4]; Schoenhals v. Pahler, Mo., 272 S.W.2d 228, 230 [6]; State ex inf. McKittrick ex rel. Chambers v. Jones, 353 Mo. 900, 909, 185 S.W.2d 17, 20 [3]. An appellate court cannot, in fairness, become an advocate for the appellant and search the record for errors to support a general assignment that the trial court reached the wrong result, even in a court-tried case, Schlanger v. Simon, Mo., 339 S.W.2d 825, 828 [3]; Pfotenhauer v. Ridgway, 307 Mo. 529, 534, 271 S.W. 50, 51 [5]; Lane v. Katt, Mo.App., 421 S.W.2d 544, 546 [6], and we decline to do so here.

The appellants' further and final assignment of error is that the trial court erred in ordering James Sutherland and his attorney to repay the sum of $363.45, "because the court had no authority under the statutes" to make such an order, and because the order was inconsistent with the court's findings of fact.

■ The claim of inconsistency in the trial court's findings of fact need not detain us long. If all the court's findings are considered as a whole, including those made after the premature appeal was dismissed, they reflect a determination that: (1) Mr. Sutherland's claim was for serv-ices requested by the decedent, and that it was fair and reasonable in amount (that having been determined in the suit to establish the claim); (2) the claim should be allowed and paid if the assets of the estate were sufficient to reach and pay claims of the fifth class in full; but (3) the estate was in fact insolvent and therefore Mr. Sutherland should refund or make restitution for the proportionate overpayment he had received. These findings are not inconsistent; they are in accord with the applicable law as this court found it to be on the premature appeal. In re Estate of James, supra, 431 S.W.2d at 661–662.

■ As for the appellants' contention that the trial court was without authority to order Mr. Sutherland and his attorney to make restitution, we encounter the same difficulty we found in connection with the appellants' first point. The seven printed lines devoted to this assignment in the appellants' brief read: "The probate judge was disqualified under Section 472.060 only with respect to the application for determination of damages under the bond—see probate files. Consequently, the circuit court under Section 473.207 had no authority to sustain the motion to add parties and to order Sutherland and his attorney to pay into court the money the administrator paid in settlement of Sutherland's judgment." We are not told where in the probate file of 106 unindexed papers the order disqualifying the probate judge might be found. Moreover, we find that at the very outset of the trial the administrator indicated that he intended to take up the matter of a refund by Mr. Sutherland, and consequently there was some discussion of the trial court's authority to make such an order. Thereafter, counsel for the administrator gave it as his understanding that Mr. Sutherland and Mr. Grossenheider had agreed to appear voluntarily, and counsel asked directly: "May the record so show at this time, Mr. Grossenheider, that you enter your appearance and waiver of service for Mr. Sutherland?" In reply, counsel for the appellants stated:

"Mr. Sutherland is here in the courtroom now and I am here and we consent to the jurisdiction of this Court, and we will, of course, abide by whatever this Court decides." The trial court pressed the matter, stating " * * * it's a question of whether you submit yourself to the jurisdiction of this Court in this proceeding." Mr. Grossenheider clarified his position by saying: "I indicated that we did submit ourselves to the jurisdiction." Counsel was then asked if he wished to see a copy of the "service papers," and he replied in part " * * * inasmuch as we have consented to be before the Court I don't see what purpose there would be in serving us." In addition, after the premature appeal was dismissed, the parties stipulated that the trial court could consider the correctness of the final settlement. Still further, we find that Mr. Grossenheider has not appealed from the order now complained of, although Mr. Sutherland has.

Even a passing, superficial reflection upon the record would indicate that rather complex legal principles are, or may be, involved. While, as this court noted on the premature appeal, it is now generally agreed that a personal representative who pays a creditor in excess of his pro rata share in the honest belief that the estate is solvent may, on its being ascertained that the estate is really insolvent, recover the overpayment, Howe v. Citizens Central Bank of Nelsonville, 74 Ohio App. 131, 57 N.E.2d 821, 823–824 [5]; Woodruff v. H. B. Claflin Co., 198 N.Y. 470, 91 N.E. 1103, 1105–1106; 3 Woerner, American Law of Administration, § 520, p. 1797 (3rd ed. 1923), still the general authorities differ as to the proper forum in which to proceed. 34 C.J.S. Executors and Administrators § 476, p. 358. Some cases suggest that a personal representative's action is a purely equitable matter, to be taken up in a court of equity. Chestertown Bank of Maryland v. Perkins, 154 Md. 456, 140 A. 834, 835–836. However, by statute, our probate courts now have " * * * the same legal and equitable powers to effectuate [their] jurisdiction * * * in probate

matters as the circuit court has in other matters. * * * " Recent decisions suggest that the statute, § 472.030, gives our probate courts unrestricted equitable powers in probate matters, In re Myers' Estate, Mo., 376 S.W.2d 219, 223–224 [6–9], but so far as we are able to determine, the question of the proper forum in which to pursue a personal representative's suit for a refund has never been directly presented for decision. Another question which presents itself is whether or not the trial court's authority extended beyond the very matter certified to it by the probate court under § 472.060. There is a similarity between certification on disqualification under § 472.060 and an appeal from probate court to circuit court, and of course it has been held many times that on appeal the circuit court can hear and determine only the matters litigated in the probate court. In re Estate of Mills, 349 Mo. 611, 616–617, 162 S.W.2d 807, 810[4]; Leahy v. Campbell, 274 Mo. 343, 356, 202 S.W. 1114, 1115[2]. Assuming, however, that the circuit court's jurisdiction in a case certified from probate court under § 472.060 is analogous to and restricted as is its jurisdiction in a case appealed from the probate court, we have here the complicating factors of a general appearance and waiver of service by stipulation on the part of the complaining parties *after* they knew or should have known that the court intended to take up the matter of a refund, and the failure of one of the two parties affected to appeal.

Nevertheless, in these complicated circumstances, the appellants cite only two statutes, §§ 472.060 and 473.207, in support of their argument that the trial court had no authority to require Mr. Sutherland and Mr. Grossenheider to make restitution. Neither statute deals directly with the issues we have just pointed out, and we are cited to no authority, local or foreign, specific or general, which tends to support appellants' argument in the circumstances presented. Granted that Rule 83.05 should be liberally construed to pro-

mote the consideration of appeals on their merits, subdivision (a) of that rule contemplates the citation of some authority of some nature to the specific point. Wipfler v. Basler, Mo., 250 S.W.2d 982, 985[4]; Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 912, 245 S.W.2d 96, 102 [11]; Lomax v. Sawtell, Mo.App., 286 S.W.2d 40, 42–43[4] [5]. In this case, we have a situation similar to that discussed by the court in Yates v. White River Valley Electric Co-operative, Mo.App., 414 S.W.2d 808; though rather complicated issues appear to be involved, the appellants' brief furnishes so little guidance to the principles the appellants conceive to be applicable to the specific facts that we cannot confidently say why they believe the trial court erred. As we have said, we cannot become an advocate for the appellant and search the record for legal error.

For the reasons indicated, the judgment is in all respects affirmed.

TITUS, P. J., and STONE, J., concur.