**STATE of Missouri at the relation of Robert W. MAYFIELD, Plaintiff-Respondent,**

**v.**

**CITY OF JOPLIN, Municipal corporation, et al., Defendants-Appellants.**

**No. 9197.**

Missouri Court of Appeals,
Springfield District.

Sept. 14, 1972.

**474**

George C. Baldridge, Joplin, for defendants-appellants.

Robert W. Richart, John R. Martin, Joplin, for plaintiff-respondent.

HOGAN, Judge.

This is an action in mandamus instituted by the relator to recover wages lost by reason of his wrongful discharge from the Joplin City Police Department. The respondent, to whom we shall refer as the city, appeals from an adverse judgment.

Although issues of fact were raised by the alternative writ and the return thereto, and those issues were tried to the court as provided by Rule 94.05,[1] the essential facts are not in dispute here. The relator, Robert W. Mayfield, was employed as a member of the Joplin City Police Department in 1965. In 1969, he was promoted to the rank of sergeant. Sgt. Mayfield was, according to his testimony, a "shift supervisor". On November 10, 1970, Sgt. Mayfield was "called in and talked to", and on November 11 he was suspended on the ground that he had been guilty of personal misconduct while performing his duties. On November 13, 1970, he was formally discharged for the same reason.

The City of Joplin is a constitutional charter city. Sections 5.03 and 5.04 of its charter provide for and establish a five-

[1] All references to statutes and rules are to R.S.Mo. (1969), V.A.M.S. and V.A.M.R., unless otherwise specifically noted.

member personnel board which has authority to hear and determine appeals from any action resulting in dismissal, demotion, suspension or layoff (of any classified employee) with "full power to reinstate [the employee] to his original position or rank with retroactive compensation *not to exceed sixty days*" (our emphasis). On December 3, 1970, Sgt. Mayfield appealed his dismissal to the personnel board. For reasons not apparent of record, the board delayed a hearing on Sgt. Mayfield's appeal until April 9, 1971, at which time a partial hearing was had; the board then recessed and reconvened on four separate occasions and finally, on May 18, 1971, concluded its hearings. By a unanimous decision the personnel board found that Sgt. Mayfield had been wrongfully discharged, ordered him reinstated as a police sergeant, and ordered payment of sixty days retroactive compensation. Sgt. Mayfield returned to work, was assigned new duties, and was paid sixty days back salary at the rate of $641.00 per month. This action was brought to compel the city to reimburse the relator for the entire period he was off work, six months and twenty days, and to grant him an anniversary raise (referred to as a "step raise"), which would increase his salary to $673.00 per month. In its peremptory writ, the trial court ordered: a) that Sgt. Mayfield be reinstated; b) that he be compensated for the entire period he was away from work, and c) that he be granted his annual step raise from the date of his last satisfactory merit rating, July 11, 1969. On this appeal, the city contends that the relator was in no event entitled to recover more than sixty days back pay, and that the anniversary raise should not have been granted.

■ Since issues of fact were tendered and tried to the court, it is our duty to review the case upon both the law and the evidence pursuant to Rule 73.01(d), just as we would review any other court tried case, State ex rel. Continental Oil Company v. Waddill, Mo., 318 S.W.2d 281,

285 [1]; State ex rel. Toliver v. Board of Education of City of St. Louis, 360 Mo. 671, 674, 230 S.W.2d 724, 726 [2], and of course it is our duty on any appeal to dispose finally of the case on its merits, if possible. Rule 84.14; State ex rel. George v. Mitchell, Mo.App., 230 S.W.2d 116, 120 [5]; Axsom v. Thompson, 239 Mo.App. 732, 739, 197 S.W.2d 326, 331 [8–10]. The performance of that duty, however, necessitates and presupposes the existence of both a record upon which the court can function "with some degree of confidence in the reasonableness, fairness and accuracy of its final conclusion", Phelps v. Watson-Stillman Co., 365 Mo. 1124, 1132, 293 S.W.2d 429, 435 [5], and an appellant's brief at least sufficient to advise us of the principles of law which the appellant considers controlling and the way in which the trial court incorrectly applied those principles or misconstrued the facts. In re Estate of James, Mo.App., 459 S.W.2d 536, 540–541; Yates v. White River Valley Electric Co-operative, Mo.App., 414 S.W.2d 808, 811–812 [4–8].

■ The general subject involved on this appeal—the right of an employee protected in tenure by civil service provisions to recover his back salary upon wrongful discharge—is rather involved and complex and the decisions dealing with that general subject are not altogether in accord. For example and to illustrate, some cases suggest, if they do not directly hold, that if the removal of a public employee is illegal on any ground, he is entitled to reinstatement and restoration of his lost earnings, and that mandamus is his proper remedy to obtain both. See State ex rel. Missey v. City of Cabool, Mo., 441 S.W.2d 35, 43–44 [18]; State ex rel. Stomp v. Kansas City, 313 Mo. 352, 356, 281 S.W. 426 [1]. On the other hand, more conservative authority, never to our knowledge overruled or criticized, suggests that the wrongful discharge of a civil service employee by one having authority to appoint or discharge him gives rise to no right of action what-

ever against the city itself. State ex rel. Gallagher v. Kansas City, 319 Mo. 705, 715, 7 S.W.2d 357, 361 [3]. Moreover, it is to be borne in mind that charter provisions relative to the employment, tenure and discharge of officers and employees are not always and invariably valid, even though they were adopted pursuant to the provisions of Mo.Const. art. 6, § 19, V.A. M.S. That article (prior to its amendment in 1971) contained the "important restraining provision" that constitutional charters must be "consistent with and subject to the Constitution and laws of the state", Ex parte Siemens v. Shreeve, 317 Mo. 736, 740, 741, 296 S.W. 415, 417 [4–6], which was construed to mean that a general statute would control over a charter provision dealing with the same subject if the statute expressed a policy of general statewide concern. City of Joplin v. Industrial Commission of Missouri, Mo., 329 S.W.2d 687, 693 [7]. As the city points out, we must take judicial notice of its charter provisions, City of Hannibal v. Winchester, Mo., 391 S.W.2d 279, 286 [13], but we must also judicially notice the statutes, State ex rel. Ford v. Hogan, 324 Mo. 1130, 1138, 27 S.W.2d 21, 23 [1], and a careful study of §§ 85.360 to 85.530 as origiinally enacted L.1947, Vol. II, pp. 284–293, convinces us that the General Assembly, when it enacted §§ 85.360 to 85.530, undertook to set up a complete and systematic plan for the selection, employment and discharge of policemen and firemen in cities of the second class, that § 85.490, para. 1, contemplates recovery of *all* back pay by a policeman wrongfully discharged, and that § 85.490, para. 1, *might* therefore conflict with the limitation imposed by Section 5.04 of the city's charter. Whether or not there is such a conflict, and, if so, whether or not the appeal would be within our jurisdiction; and, how the city charter has been affected, if at all, by the 1971 amendment of Mo.Const. art. 6, are matters which are not discussed or even mentioned by the appellant city. The city has contented itself with citing the charter provisions and one case, State ex rel. Phillip v. Public School Retirement System of City of St. Louis, Missouri, 364 Mo. 395, 262 S.W.2d 569, which is germane to this appeal only to the extent that it contains a scholarly discussion of the functions of the writ of mandamus.

The point of all this general discussion is this: even a superficial examination of the case shows that rather complex issues are involved. We have mentioned some of them simply to show that the appellant's brief is wholly inadequate to advise us of the specific legal principles it conceives to be controlling, or of the manner in which the appellant believes the trial court has erred in applying the law to the facts of this case. The respondent does not have the burden of sustaining the judgment entered; he comes here clothed with the presumption that the trial court's judgment is correct, and the burden is on the city to demonstrate error, and to do so in the manner prescribed by Rule 84.04. Hardy v. McNary, Mo., 351 S.W.2d 17, 20 [1–3]; James v. James, Mo., 248 S.W.2d 623, 627; Yates v. White River Valley Electric Co-operative, supra, 414 S.W.2d at 811–812 [4–8]. Although we believe, and have held, that Rule 84.04(d) should be liberally interpreted to promote the disposition of appeals on their merits, that subdivision of Rule 84.04 contemplates the citation of some authority of some nature to the specific point. Wipfler v. Basler, Mo., 250 S.W.2d 982, 985 [4]; Carver v. Missouri-Kansas-Texas R. Co., 362 Mo. 897, 912, 245 S.W.2d 96, 102 [11]; In re Estate of James, supra, 459 S.W.2d at 540–541. In the case at hand the appellant's brief amounts to no more than a suggestion that we search the record to find some basis for its general assertion that the trial court reached an erroneous result. Without deprecating the possible merit of the city's position, it is not our duty to, and we cannot in fairness, become

an advocate for the appellant. Schlanger v. Simon, Mo., 339 S.W.2d 825–828 [1–3].

For the reasons indicated, the judgment is affirmed.

STONE, J., concurs.

TITUS, C. J., took no part in the consideration or decision of this case.