In re ESTATE of Emil RITTER, Deceased.

Co-Executor Hugh L. CRABILL, Appellant,

v.

Isaac E. YOUNG and Robert Mass, Respondents.

No. 35123.

Missouri Court of Appeals,
St. Louis District,
Division One.

April 9, 1974.

Appellant's Motion for Rehearing, or that the Court Rule directly upon the Issue of the Right of Respondents to be Paid a Fee Out of Estate Assets, Denied June 3, 1974.

Sullivan & Watkins, Clayton, George W. Curran, St. Louis, for plaintiff-appellant.

Isaac E. Young, Maplewood, Robert Mass, Clayton, for defendants-respondent.

DOWD, Chief Judge.

This is an appeal from the allowance of partial attorneys' fees in the amount of $1200.

The respondents are attorneys representing Olive Hoffman the co-executrix of the estate of Emil Ritter. They petitioned the probate court in 1964 for partial compensation for services rendered to the estate from the time it was opened in 1962. The other co-executor, Hugh Crabill (appellant here), opposed this payment on the grounds that while respondents were rendering services to the estate, they were also representing interests antagonistic to the estate. The appellant asserted that this conflict of interest barred recovery of the fees.

The probate court disqualified itself, and the case was heard in the Circuit Court of St. Louis County. Respondents were awarded $1200 for partial compensation, and this appeal followed.

Respondents filed their motion to dismiss this appeal on grounds that the award of partial attorneys' fees is not a final order and, therefore, not appealable. We agree.

■ It has long been held that an order allowing attorneys' fees not made in a settlement or in connection with a settlement of an estate is not an appealable final judgment. In re Waters' Estate, 153 S. W.2d 774, 777 (Mo.App.1941). And this principle has recently been reiterated with approval. In re Bacheller's Estate, 437 S. W.2d 132, 136 (Mo.App.1968).

■ While Section 472.160, RSMo 1969, V.A.M.S., makes some orders appealable which are in a sense interlocutory, it is well established that as to any specific proceeding, the rights of the parties must be fully adjudicated and all issues fully disposed of, or the order is not appealable. In re James' Estate, 431 S.W.2d 660, 662 (Mo.App.1968). The order allowing respondents partial compensation is consistent with Section 473.153(4), RSMo 1969 which permits partial compensation prior to settlement. It is apparent that additional orders for compensation may be made at a later time, and this order for compensation does not fully adjudicate the rights of these parties. It is not, therefore, the type of order encompassed by Section 472.160 and may not be appealed until the final compensation due respondents for all services performed for this estate has been established and ordered to be paid.

This appeal being premature is dismissed.

SIMEONE and WEIER, JJ., concur.