**Dana (Jackson) GRAY,
Plaintiff–Respondent,**

v.

**Robert B. JACKSON,
Defendant–Appellant.**

No. 15852.

Missouri Court of Appeals,
Southern District,
Division Two.

June 19, 1989.

Motion for Rehearing or Transfer
Denied July 12, 1989.

Louis J. Nolan, Springfield, for defendant-appellant.

Robert B. Stillings, Springfield, for plaintiff-respondent.

HOGAN, Judge.

In this case Robert B. Jackson, to whom we shall refer as the defendant, appeals from an order of the Circuit Court of Greene County denying a motion to quash garnishment. We have concluded that we must affirm the judgment because we cannot, upon the record presented, determine if error was committed without resort to substantial speculation. In fairness to the parties, we must explain the basis for our decision.

The parties to this action, Dana (Jackson) Gray, to whom we shall refer as the plaintiff, and defendant Robert B. Jackson were divorced in the Circuit Court of Greene County on October 2, 1972. Dana was awarded custody of the parties' minor child and $60 per month as child support. The judge's docket sheet, included in the original legal file, indicates that no payment of child support was made from the date of the decree to July 2, 1987.

On July 2, 1987, the Division of Child Support Enforcement issued an administrative order based on the original decree. The Division, to which we shall refer as the Agency, determined the past-due support or arrearage to be $6,720. An order to Robert Jackson's employer to withhold and pay over the sum of $90 per month, $60 as support and $30 in discharge of the arrearage, was issued the same day. The orders recite that they were issued pursuant to § 454.476.1[1] and § 454.476.3.[2]

Jackson requested an administrative hearing as provided by § 454.476.4. On March 9, 1988, an administrative hearing was held. Upon proof not included in the

1. References to statutes and rules are to RSMo 1986 and V.A.M.R., except where otherwise noted.

2. Section 454.476, in effect when the administrative order was issued, reads:
"1. If a court order has previously been entered, the director [of the Agency] may enter an administrative order in accordance with the court order, upon receiving from the obligee, a child support enforcement agency of another state, or the court:
(1) A certified copy of the court order together with all modifications thereto;
(2) A sworn statement by the obligee or a certified statement from the court attesting to or certifying the amount of arrearages under the court order;
(3) A statement of the name, last known address and, if known, the social security number of the obligor; and
(4) The name and address of the obligor's employer or other payor, if known.
2. The obligor shall be sent a copy of the administrative order by certified mail, return receipt requested, addressed to the obligor's last known address or, if applicable, the obligor's attorney's last known address. The obligee shall be sent a copy of the administrative order by regular mail.
3. Upon entry of the order, the director shall issue an order directing an employer or other payor to withhold and pay over money due or to become due to the obligated parent as set out in section 454.505.
4. The obligor, within fourteen days after receiving notice of the director's order, may request an administrative hearing as provided in section 454.475 to contest the order or withholding thereunder. At such hearing, the certified copy of the court order and the sworn or certified statement of arrearages shall constitute prima facie evidence that the director's order is valid and enforceable. Once the prima facie case is established, the obligor may assert only mistake of fact as a defense. Mistake of fact shall mean an error in the amount of arrearages or an error as to the identity of the obligor. The obligor shall have the burden of proof as to these issues. The obligor may not obtain relief from the withholding by paying the overdue support.
5. If the obligor requests a hearing, the withholding will be implemented unless the obligor posts a bond or other security satisfactory to the director to insure payment of support.
6. Every order which contains a provision for the support of a child, whether entered by a court or an administrative body of this or any other state, and whether entered prior to or subsequent to enactment of this section, shall be enforceable by an order to withhold as provided for by section 454.505 immediately upon compliance with subsection 1 of this section."

record in identifiable form, the Agency concluded that from October 2, 1972, through June 30, 1987, $10,620 in child support became due under the original court order. The Agency concluded, however, that absent revival § 516.350.2 prohibits collection of payments after the expiration of 10 years from the date the support payment becomes due. In this case, the Agency concluded, the original decree for support was revived by its order of July 2, 1987. The Agency therefore concluded that only those payments which had become payable since July 1977 were collectible; payments due prior to that time were presumed to have been paid. The Agency further found, again upon evidence not before us in identifiable form, that from July 2, 1977, through July 2, 1987, $7,320 in child support was due; that from October 2, 1972, through June 30, 1987, the defendant had been credited with child support payments in the amount of $4,050 and that as of June 30, 1987, the defendant owed a child support arrearage of $3,270. It was ordered that the Agency revise its administrative order and its order to withhold accordingly. This order, which was incorporated in an administrative transcript, is dated April 27, 1988. The defendant was advised that he had a right to judicial review under the provisions of Chapter 536. On May 25, 1988, a petition for review of the order entered after the administrative hearing was filed in the Circuit Court of Greene County. On July 22, 1988, that court entered a summary judgment, about which we shall comment further.

On September 1, 1987, while the administrative proceeding was pending, the plaintiff filed a motion to modify the original decree. The gist of the motion was that the parties' minor child was now an adolescent male and that fact, among others, constituted a change of circumstances so substantial and continuing as to make the terms of the original decree unreasonable within the meaning of § 452.370.1. An answer to this motion was eventually filed by leave of court on November 6, 1987. Neither the motion nor the answer directly raises the question of the amount of past-due support which was in issue in the administrative proceeding. Certain cryptic docket entries, particularly those of April 11, 1988, and April 28, 1988, suggest, but certainly do not compel, the conclusion that the amount of arrearage was an issue tendered on the motion to modify. If any testimony was heard or any proof was received by the trial court on the motion to modify, we have not been favored with a transcript of that testimony nor with copies of any documents indicating they were received in evidence. On March 10, 1988, a writ of garnishment in aid of execution was issued at the plaintiff's instance. The amount plaintiff sought to garnish was $13,245.90. Of this amount, $6,315 represented back-due child support; the interest due was calculated to be $6,930.90.

On March 24, 1988, a motion to quash the garnishment was filed in that division of the circuit court in which the motion to modify was pending. It was averred in the motion, among other things, that any amounts claimed as child support due prior to July 7, 1977, were barred by the provisions of § 516.350.2; that any interest claimed on amounts due prior to July 7, 1977, were barred by the same statute and, repetitiously, that both the arrearage due and the interest due thereon had been incorrectly calculated. The defendant also suggested that the Agency's determination of the amount of arrearage due was controlling. On June 9, 1988, the trial court issued an order denying the motion to quash garnishment and specifically finding that as of February 1988, the defendant owed the petitioner the sum of $6,285 as child support and in addition, $6,930.90 as interest on the past-due child support. The defendant thereupon appealed to this court.

Two issues have been tendered in this court. The plaintiff suggests the appeal should be dismissed as moot because, if the order denying the motion to quash garnishment is reversed, the order of the circuit court granting summary judgment for the plaintiff upon the petition for review of the administrative order would remain in effect. The appeal, plaintiff suggests, is moot, because no effective relief

could be granted by reversing the circuit court's refusal to quash the garnishment. We agree that an appeal may be dismissed as moot if the court's decision can have no practical and enforceable consequences between the parties, *State ex rel. Glendinning Companies of Connecticut, Inc. v. Letz,* 591 S.W.2d 92, 95–96[1] (Mo.App. 1979); *State ex rel. Weber v. Vossbrink,* 333 S.W.2d 298, 301[1–3] (Mo.App.1960), and we further agree this court has the power to notice facts outside the record for the purpose of determining the moot character of a question before it. *State ex rel. Donnell v. Searcy,* 347 Mo. 1052, 1059, 152 S.W.2d 8, 10 (banc 1941). We are not convinced, however, as both parties have argued at one point or another, that the summary judgment entered on the petition for review of the administrative order supersedes or displaces the order denying the motion to quash garnishment.

Section 454.476, by virtue of which the support order was entered, is a statute enacted in response to federal legislation. The statutes now codified as §§ 454.400–454.528 constitute a response to federal legislation enacted in 1984, but no general discussion of those statutes is necessary and we undertake none.[3] Support orders issued under the provisions of § 454.476 are by the terms of that statute designated administrative orders. The controlling federal regulation, 45 CFR 303.101(c)(6) (1987), requires that orders issued under an "expedited process" such as that authorized by § 454.476 be subject to review under the state's generally applicable judicial procedures. The generally applicable procedure—in the case of administrative orders—is review under the provisions of Chapter 536. Section 454.475.5,[4] as we construe it, permits such review of any support order which is the result of a contested case.

Nevertheless, the summary judgment of the Circuit Court of Greene County entered upon the petition for review of the Agency's support order cannot be said, as a matter of law, to supersede or displace the order denying the motion to quash, which purported to assess the arrearage due as part of the motion to modify the original decree. The Agency found, upon the hearing contesting its original order for support, that its original determination of the arrearage due was incorrect. Upon petition to review the contested administrative proceeding, the circuit court took judicial notice of the orders entered on the motion to modify and held that " ... the Order Modifying [the] Decree of Dissolution of Marriage resolves all issues pending before this court, and is binding upon this court." This entry is nothing more than a finding that the matters at issue upon review of the administrative order have been fully adjudicated in another proceeding.

▮ To be somewhat more explicit, § 454.501 clearly gave the court which heard the motion to modify jurisdiction to determine the defendant's support duty.[5] The orders issued in connection with the motion to modify undertook to define the defendant's support duty, including the

---

3. The Child Support Enforcement statutes and the federal legislation which provoked their enactment are discussed in *Wills v. Wills,* 750 S.W.2d 567, 570–71 (Mo.App.1988), and were extensively reviewed by Professor Clark in his recent treatise on the law of domestic relations. 2 H. Clark, Domestic Relations § 18.3, pp. 381–87 (2d ed. 1987).

4. "5. In contested cases, the findings and order of the hearing officer shall be the decision of the director. Any parent adversely affected by such decision may obtain judicial review under sections 536.100 to 536.140, RSMo, by filing a petition for review in the circuit court of proper

venue within thirty days of receipt of notice of the decision."

5. Section 454.501 reads: "Nothing contained in sections 454.465 to 454.510 shall deprive courts of competent jurisdiction from detrmining the support duty of a parent against whom an order is entered by the [Agency] pursuant to the authority created by sections 454.460 to 454.505. Such a determination by the court shall supersede the [Agency's] order as to support payments due subsequent to the entry of the order by the court, but shall not affect any support arrearage which may have accrued under the [Agency's] order. The [Agency's] order shall be

amount of arrearage.[6] Moreover, § 454.500.5 specifically provides that a support order issued pursuant to § 454.476 shall not be modifiable by the Agency except so as to comply with any modification of the original decree by the court which entered that decree. It is a general rule that if the procedure used to settle a dispute is one of a party's own choosing, the judgment is final and binding under the doctrine of collateral estoppel and the issues decided may not be relitigated. Cf. *Cooper v. Yellow Freight System, Inc.*, 589 S.W.2d 643, 645–46[6] (Mo.App.1979). So, and to reiterate, the summary judgment of July 22, 1988, properly construed, is nothing more than a determination that the issues tendered on the petition to review the administrative order are res judicata because they were validly concluded on the motion to modify. The motion to dismiss the appeal as moot is ill taken.

■ On the merits, the sole point tendered by the defendant is that "[t]he trial court erred in overruling [defendant's] motion to quash [plaintiff's] garnishment wherein [defendant] also requested a reduction in the amount sought by said garnishment in that the [plaintiff] is only entitled to any child support owed subsequent to July 7, 1977 since any amounts owed prior to that date are presumed paid in accordance with 516.350 R.S.Mo."

Although this court has a duty to dispose of an appeal on the merits, if possible, Rule 84.14; *Dickey Co., Inc. v. Kanan*, 486 S.W.2d 33, 36 (Mo.App.1972), it has often been held that our duty to make a final disposition of the case presupposes a record and evidence upon which we can perform this function with some degree of confidence in the reasonableness, fairness and accuracy of our final conclusion. *Phelps v. Watson–Stillman Co.*, 365 Mo. 1124, 1132, 293 S.W.2d 429, 435[5] (1956); *State ex rel. Mayfield v. City of Joplin*, 485 S.W.2d 473, 475 (Mo.App.1972). Moreover, on appeal, the judgment of the trial court is presumed to be correct, *Delf v.*

*Cartwright*, 651 S.W.2d 622, 623–24 (Mo. App.1983), and the appellant has the duty to present a record on appeal which contains all the evidence necessary to determine the questions presented on appeal. *Delf v. Cartwright*, 651 S.W.2d at 624; *Lewis v. Columbia Mutual Insurance Co.*, 588 S.W.2d 161, 162 (Mo.App.1979). The determination whether there was error materially affecting the merits of the action cannot be made on conjecture. *Farrar v. Moore*, 416 S.W.2d 711, 715 (Mo.App.1967).

With deference to the attorney for the defendant, the record with which we have been presented is little more than a collection of loose papers. We have been presented with a legal file which contains docket sheets reflecting various entries between August 28, 1972, and October 12, 1988. The docket sheet indicates the parties have appeared before the court several times since the administrative order for support was entered, but no transcript has been filed. The original support order appears in the legal file and it bears a filing stamp. This order indicates the defendant owed an arrearage of $6,720 as of July 2, 1987. The transcript of the administrative hearing at which the Agency's original support order was contested is included, but it does not appear, except by speculative inference, that this transcript was laid before the trial court. A copy of the writ of garnishment appears in the legal file, together with a document entitled "Amended Child Support Payments Made by Respondent." This last document is not verified and bears no mark indicating it was ever received as an exhibit in the proceeding to modify the original decree. This document indicates the defendant paid the sum of $5,145 as child support between September 1981 and February 1988. The defendant's motion to quash the garnishment is included in this legal file, as are memoranda to the trial court, which, we suppose, are included to show what was argued in that court. The order appealed from is also included in this legal file.

---

pleaded and received by the court as evidence of the extent of the parent's duty of support."

6. In this case, so far as the record shows, no arrearage had accrued under the Agency's support order.

A second legal file was also compiled. This legal file includes a second and different calculation of payments made by the defendant, indicating that between September 1981 and March 1, 1988, the defendant paid $4,815 in child support. A calculation of arrearage and interest due as of March 9, 1988, also included in this legal file, indicates a cumulative arrearage of $6,285 and interest due in the amount of $6,930.90. This legal file also indicates the amount of arrearage was redetermined by order dated June 30, 1988. Our own calculation, made according to our understanding of § 454.520 and one of the plaintiff's affidavits, produces an amount of arrearage and interest due thereon different from the Agency's calculation and that of the trial court.

We are remitted to speculation to determine how the trial court arrived at the conclusion that the defendant owed $6,315 in back-due support and $6,930.90 interest thereon. The defendant has cited a good many precedents to this court, including *In re Marriage of Holt*, 635 S.W.2d 335 (Mo. banc 1982) and *Tudor v. Tudor*, 617 S.W.2d 610 (Mo.App.1981). We are also cited to § 516.350, but as that statute is interpreted by the defendant, it does not aid him. In the final analysis, we are asked to determine the proper method of calculating the back-due support owed by the defendant and to calculate the arrearage and interest due without any demonstration of error in the method of calculation used by the trial court. Without deprecating the possible merit of the defendant's position, it is not our duty to, and we cannot in fairness, become his advocate. *Schlanger v. Simon*, 339 S.W.2d 825, 828 (Mo.1960); *State ex rel. Mayfield v. City of Joplin*, 485 S.W.2d at 476–77. We decline to do so in this case.

FLANIGAN, P.J., and MAUS, J., concurs.